1  GOLDBERG, STINNETT, DAVIS & LINCHEY
   A Professional Corporation
2  DENNIS D. DAVIS, ESQ. CA Bar #070591
   44 Montgomery Street, Suite 2900
3  San Francisco, CA 94104
   Telephone: (415) 362-5045
4  Facsimile: (415) 362-2392

5  Attorneys for Appellant, Jeffrey E. Hoffman

6

7                IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 JEFFREY E. HOFFMAN,                    No. 3:07-CV-2417 MHP

11              Plaintiff,

12 vs.

13 THOMAS  R.  LLOYD,  an  individual,
   EDWARD  L.  BLUM,  an  individual,  and
14 DOES 1 through 20, inclusive,,

15              Defendants.

16 _____

17 THOMAS LLOYD,

18              Cross-Plaintiff,

19 vs.

20 JEFFREY   E.   HOFFMAN,   dba   H&B
   PROPERTIES; H&B PROPERTIES, LLC;
21 J. EDWARDS  INVESTMENT  GROUP,
   INC., and NORCAL FINANCIAL, INC.,
22
                Cross-Defendants.
23 _____

24

25        **APPELLANT'S EXCERPTS OF RECORD ON APPEAL**

26                        **VOLUME I**

27

28

| | | Bktcy Ct Docket No. | Pages |
|---|---|---|---|
| 1. | Answer – Unlawful Detainer (Trial Exhibit 10) | | 1-4 |
| 2. | Settlement and Mutual Release Agreement (Trial Exhibit G) | | 5-9 |
| 3. | Complaint for Damages and to Cancel Instrument (filed April 5, 2005) | | 10-29 |
| 4. | Cross-Complaint for (1) Declaratory Relief: (2) Avoidance of Fraudulent Conveyances and/or Obligations; (3) Transferee Liability; (4) Quiet title; (5) an Accounting; (6) Determination of Validity, Extent and Priority of Liens; and (7) Objection to Claim (filed June 16, 2005) | | 30-60 |
| 5. | Declaration of Thomas Lloyd in Support of Motion for Summary Judgment (filed 1/20/06) | 39 | 61-82 |
| 6. | Tentative Ruling Re Plaintiff's Motion for Summary Judgment (filed February 16, 2006) | 55 | 83-85 |
| 7. | Order Denying Motion for Summary Judgment (filed February 21, 2006) | 57 | 86-89 |
| 8. | Trial Transcript (filed February 28, 2006) | | 90-294 |
| 9. | Decision After Trial (Phase One) (filed March 20, 2006) | 59 | 295-297 |
| 10. | Hearing Transcript of Defendant's Motion for Summary Judgment (filed April 28, 2006) | | 298-330 |
| 11. | Order Granting Defendant Thomas Lloyd's Motion for Summary Judgment (filed May 15, 2006) | 83 | 331-338 |
| 12. | Tentative Ruling Re Rescission Payment (filed November 9, 2006) | 95 | 339-344 |
| 13. | Tentative Ruling Re Terms for Cancellation of Deed (filed 1/24/07) | | 345-347 |
| 14. | Declaration of Asher Robertson (filed 2/13/07) | 108 | 348-366 |

-1-

| 15. | Opinion (filed April 30, 2007) | 116 | 367-392 |
|-----|-------------------------------|-----|---------|
| 16. | Judgment and Rule 54(b) Certification (filed April 30, 2007) | 117 | 393-396 |
| 17. | Order Denying Stay Pending Appeal (filed May 7, 2007) | 125 | 397-399 |
| 18. | Plaintiff's Brief Relating to Court's Tentative Ruling of January 24, 2007 | 108 | 400-414 |
| 19. | Declaration of Jeffrey E. Hoffman in Support of Plaintiff's Opposition to Defendant Lloyd's Motion for Summary Judgment. | 75 | 415-444 |
| 20. | Trial Scheduling Order. | 29 | 445-448 |
| 21. | Memorandum of Points and Authorities in Support of Defendant Thomas Lloyd's Motion for Summary Judgment. | 42 | 449-472 |
| 22. | Reply Memorandum of Points and Authorities in Support of Defendant Thomas Lloyd's Motion for Summary Judgment. | 78 | 473-485 |
| 23. | Declaration of Jeffrey Goodrich in Reply to Plaintiff's Opposition to Defendant Thomas Lloyd's Motion for Summary Judgment. | 80 | 486-510 |

DATED:  July 13, 2007

GOLDBERG, STINNETT, DAVIS & LINCHEY
A Professional Corporation


By:    /s/ Dennis D. Davis
         Attorneys for Appellant Jeffrey E. Hoffman

-2-

**DOCUMENT 1**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*    TELEPHONE NO.:<br>Edward L. Blum, Esq.    $5043$    510-452-4400<br>EDWARD L. BLUM, P.C.<br>201 19th Street<br>Suite 200<br>Oakland, California 94612<br>ATTORNEY FOR *(Name)*: THOMAS R. LLOYD | FOR COURT USE ONLY |
| NAME OF COURT: SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN FRANC.<br>STREET ADDRESS: 400 McAllister St.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, California 94102<br>BRANCH NAME: | ENDORSED FILED<br>SUPERIOR COURT<br>COUNTY OF SAN FRANCISCO<br>JUN 1 4 2004<br>GORDON PARK-LI, CLERK<br>BY: __ERNALYN BURA__<br>Deputy Clerk |
| PLAINTIFF: H&B PROPERTIES, LLC<br><br><br>DEFENDANT: THOMAS R. LLOYD | |
| ANSWER - Unlawful Detainer | CASE NUMBER:<br>CUD-04-610594 |

1. Defendant *(names)*: THOMAS R. LLOYD

   answers the complaint as follows:

2. Check ONLY ONE of the next two boxes:

   a. ☐ Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000).*

   b. ☒ Defendant admits that all of the statements of the complaint are true EXCEPT

       (1) Defendant claims the following statements of the complaint are false *(use paragraph numbers from the complaint or explain)*: II, IV, V, VI, VII, VIII, IX, X

       ☐ Continued on Attachment 2b(1).

       (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(use paragraph numbers from the complaint or explain)*: I, III

       ☐ Continued on Attachment 2b(2).

3. AFFIRMATIVE DEFENSES    *(NOTE: For each box checked, you must state brief facts to support it in the space provided at the top of page two (item 3j).)*

   a. ☐ *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.

   b. ☐ *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.

   c. ☐ *(nonpayment of rent only)* On *(date)*: _____, before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.

   d. ☐ Plaintiff waived, changed, or canceled the notice to quit.

   e. ☒ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.

   f. ☒ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or laws of the United States or California.

   g. ☒ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*: San Francisco, CHAPTER 37 OF THE SAN FRANCISCO ADMINISTRATIVE CODE, Section 37.9, Applicable as of August 24, 1980 *(Also, briefly state the facts showing violation of the ordinance in item 3j.)*

   h. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.

   i. ☒ Other affirmative defenses are stated in item 3j.

   *(Continued on reverse)*

| | | |
|---|---|---|
| Form Approved by the<br>Judicial Council of California<br>982 1(95) [Rev. January 1, 1997]<br>Optional Form | ANSWER - Unlawful Detainer | Legal<br>Solutions<br>Plus | Civil Code, § 1940 et seq.<br>Code of Civil Procedure, § 425.12<br>ELB-545 |

*(handwritten: COPY to client)*

Plaintiff's EOR-001

| PLAINTIFF (Name):  H&B PROPERTIES, LLC | CASE NUMBER: |
| DEFENDANT (Name):  THOMAS R. LLOYD | CUD-04-610594 |

3. AFFIRMATIVE DEFENSES (cont'd):

j.  Facts supporting affirmative defenses checked above *(identify each item separately by its letter from page one)*:

1. Plaintiff is not the true and lawful owner of the subject property; rather Defendant is at all times, and continues to be the owner of the subject property. Plaintiff is merely a creditor of Defendant, and has, through one of its individual officers, directors and/or shareholders, namely JE Hoffman, for the assumption to Defendant's property as a form of disguised security interest. 2. Plaintiff is without legal standing to enforce the lease which is the subject of the within action, in that the lease is not truly a lease, but, rather, it is security for a debt owed by Defendant to Plaintiff's assignor, JE Hoffman, for the assumption of certain secured debt. 3. The subject transaction by which Plaintiff claims to have become owner of record title is void and illegal, and Plaintiff is not entitled to possession of the subject property; rather Defendant is entitled to remain in possession

(1) _X_ All the facts are all stated in Attachment 3j.    (2) ☐ Facts are continued in Attachment 3j.

4. OTHER STATEMENTS

a.  ☐ Defendant vacated the premises on *(date)*:

b.  ☐ The fair rental value of the premises alleged in the complaint is excessive *(explain)*:

c.  ☐ Other *(specify)*:

5. DEFENDANT REQUESTS

a.  that plaintiff take nothing requested in the complaint.

b.  costs incurred in this proceeding.

c.  _X_ reasonable attorney fees.

d.  ☐ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.

e.  _X_ other *(specify)*:

6.  ☐ Number of pages attached *(specify)*:

UNLAWFUL DETAINER ASSISTANT (Business and Professions Code sections 6400-6415)

7. *(Must be completed in all cases)* An unlawful detainer assistant ☐ did not ☐ did    for compensation give advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state)*:

a.  Assistant's name:                                              b.  Telephone No.:

c.  Street address, city, and ZIP:

d.  County of registration:    e.  Registration No.:    f.  Expires on *(date)*:

Edward L. Blum, Esq.

**(TYPE OR PRINT NAME)**    (SIGNATURE OF DEFENDANT OR ATTORNEY)

**(TYPE OR PRINT NAME)**    (SIGNATURE OF DEFENDANT OR ATTORNEY)

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

THOMAS R. LLOYD    See attached

**(TYPE OR PRINT NAME)**    (SIGNATURE OF DEFENDANT)

982.1(95) [Rev. January 1, 1997]    **ANSWER - Unlawful Detainer**    Page two

ELB-546

Plaintiff's EOR-002

<u>VERIFICATION</u>

I, EDWARD L. BLUM, hereby declare:

I am the attorney for the defendant in the above entitled action, and as such make the VERIFICATION for and on behalf of said defendant.

I have read the foregoing ANSWER – UNLAWFUL DETAINER and know the contents thereof. Based upon information and/or belief, I believe the facts stated therein to be true.

The reason that the foregoing ANSWER is verified by me and not by the defendant is that the defendant is absent from the county where I have my office.

I declare, under penalty of perjury, that the foregoing is true and correct and that this VERIFICATION is executed on June 11, 2004 at Oakland, Alameda County, California

By: Edward L. Blum
Attorney for Defendant

LAW OFFICES OF EDWARD L. BLUM
201 19ᵀᴴ STREET, SUITE 200
OAKLAND, CALIFORNIA 94612
TELEPHONE: (510) 452-4400
FACSIMILE: (510) 452-4406

1

ELB-547

PLEADING

Plaintiff's EOR-003

## PROOF OF SERVICE

### San Francisco County Superior Court

### H&B PROPERTIES, INC. v Lloyd
### Case No.: CUD-04-610594

I am employed in the City of Oakland, County of Alameda, by the Law Offices of Edward L. Blum, 201 19TH Street, Suite 200, Oakland, California 94612. I am over the age of 18 years and not a party to the within action.

On June 11, 2004, I served the following:

### ANSWER – UNLAWFUL DETAINER

on the following interested party(s) in said cause:

Todd Rothbard, Esq.
4261 Norwalk Drive, #107
San Jose, CA 95129

[ ]    By FACSIMILE pursuant to CRC Rule 2008 (b) to the person and telephone facsimile number set forth above. A transmission record in compliance with Rule 2008 (e) (4)is attached to this declaration.

[X]    By MAIL by placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and depositing each envelope(s), with postage thereon fully prepaid, in the mail at Oakland, California.

[ ]    By PERSONAL DELIVERY by outside messenger service to the addressee(s) noted above.

[ ]    By OVERNIGHT MAIL by depositing the above noted document(s) with postage account information included, before the final daily pickup time, in a Federal Express drop box in Oakland, California to the addressee(s) noted above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 11, 2004 Oakland, California.

Leslie K. Jackson

WARD L. BLUM, P.C.
201 19th Street
Suite 200
Oakland, CA 94612
TEL.(510) 452-4400
FAX:(510) 452-4406

1

ELB-548

**DOCUMENT 2**

$D's$ $G$

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement ("the Agreement") is entered into by the following parties:

1.     THOMAS R. LLOYD, his assigns, successors, representatives, agents, attorneys and employees of any of them, hereinafter referred to as "LLOYD";

2.     H & B PROPERTIES, L.L.C., its assigns, successors, representatives, partners, members, agents, attorneys and employees of any of them, hereinafter referred to as "H & B";

4.     J. EDWARDS COMPANY INVESTMENT GROUP, INC., its assigns, successors, representatives, shareholders, officers, directors, agents, attorneys and employees of any of them, hereinafter referred to as "J. EDWARDS"; and

3.     JEFFREY E. HOFFMAN, his assigns, successors, representatives, agents, attorneys and employees of any of them, hereinafter referred to as "HOFFMAN".

This Agreement is entered into by the parties with reference to the following facts:

### RECITALS

A. WHEREAS, LLOYD was the owner of real property commonly known as 940 Elizabeth Street, San Francisco, California ("the Property"); and

B. WHEREAS, LLOYD came in contact with HOFFMAN at J. EDWARDS in his efforts to remedy a personal financial situation; and

C. WHEREAS, HOFFMAN is a member of H & B, which is in the business of investing in real property; and

D. WHEREAS, H & B purchased the Property from LLOYD, giving LLOYD a one-year lease ("the Lease") and an option to repurchase the Property ("the Option" and the Repurchase Agreement") within one year following the purchase by H & B; and

E. WHEREAS, LLOYD fell behind in his lease payments, and

-1-



EXHIBIT G

Plaintiff's EOR-005

F.  WHEREAS, H & B served on LLOYD a Three-Day Notice to Pay Rent or Quit, which was followed by the filing of an unlawful detainer complaint in San Francisco County Superior Court, identified as Case No. CUD04-610594 ("the Action"); and

G.  WHEREAS, LLOYD filed an Answer claiming, inter alia, that the sales transaction was a disguised security device and thereby unenforceable;

The parties now desire to resolve their differences on the terms and conditions set forth hereinbelow.

## AGREEMENT AND MUTUAL GENERAL RELEASE

1.a.    In consideration of the foregoing, and the promises and conditions set forth hereinbelow, LLOYD, H & B, HOFFMAN and J. EDWARDS hereby mutually release and forever discharge each other and their respective heirs, officers, directors, trustees, shareholders, members, agents, assigns, successors, servants, employees, attorneys, subsidiaries, heirs, executors and administrators of and from any and all debts, demands, actions, causes of action, judgments, liabilities, liens and claims of every kind and nature whatsoever, whether known or unknown, liquidated or contingent, arising from the Action or arising from or related to the Property, the purchase by H & B, the Lease, the Option or the Repurchase Agreement, except as set forth hereinbelow.

b.  It is understood and agreed that this is a full and final release applying to all unknown and unanticipated injuries, or other damages to the parties arising from the matters asserted in the Action, or in any way related to the Property. LLOYD, H & B, HOFFMAN and J. EDWARDS, and each of them, expressly waive the provisions of California Civil Code Section 1542 which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exists in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

-2

2.    The purpose of this Agreement is to resolve claims which are disputed, and to reach a compromise. Nothing contained herein shall be deemed as an admission by any party to this Agreement of any liability and/or wrongdoing of any kind, all such liability and/or wrongdoing being expressly denied.

3.    Upon execution of this Agreement by H & B, H & B shall forebear continuance of prosecution of the Action, as well as forbearance of any other forms of enforcement of H & B's rights under the Lease Agreement or Option Agreement for a period of 90 days commencing on July 12, 2004.

4.    LLOYD and H & B shall execute within one week following execution of this Agreement, a Stipulation for Entry of Judgment ("the Stipulation") in the Action. The Stipulation shall be for entry of a money judgment in the amount of $ 60,886.17, plus attorneys; fees and court costs in the amount of $3,500, as well as for immediate possession of the Property. The Stipulation shall be held by H & B, without filing for at least 90 days from the July 12, 2004, the date of the oral agreement between LLOYD, HOFFMAN and H & B ("the forbearance period"), allowing LLOYD that amount of time to dispose of or repurchase the Property. A copy of the Stipulation is attached hereto as Exhibit "A".

5.    During the 90-day forbearance period, LLOYD may do either of the following: a) find a buyer willing to complete a purchase of the Property within the 90 days; or b) repurchase the Property, himself, by paying all monies now due H & B as well as those which will come due during the 90-day forbearance period as a result of LLOYD'S status as a holdover tenant, and paying off all existing debt within the 90-day period.

6.    In the event that LLOYD does not perform either under paragraph 5(a) or 5(b), above, then, at the end of the 90-day forbearance period, H & B shall have the right to file the Stipulation with the Court and obtain a court Judgment in the Action, and may proceed with a Writ of Possession as provided by California law. Upon obtaining possession, H & B shall immediately

-3-

listthe Property for fair market value. Upon the sale of the Property, all secured debt and H & B's demand amount shall first be satisfied and all remaining monies shall be paid to LLOYD.

7.      In the event that LLOYD does perform under either 5(a) or 5(b), and the default under the lease agreement is cured, H & B shall cause to be filed a Request for Dismissal of the Unlawful Detainer action in its entirety, and the Stipulation shall be null and void.

8.      The parties acknowledge and agree that they have been represented in the negotiation and review of this Agreement by counsel of their own choosing, or have had the opportunity to do so, that they have read this Agreement or had it read to them by counsel, that they understood the Agreement and are fully aware of the contents and legal effect of the Agreement.

9.      This Agreement is freely and voluntarily entered into by each party. LLOYD, HOFFMAN, H & B and J. EDWARDS represent and warrant to each other that they have not assigned or transferred any of their rights or interest in the matters being released hereunder, and they will indemnify and hold harmless each other against any and all costs, damages or expenses, including attorneys' fees, arising from any such assignment or transfer.

10.      The parties acknowledge and agree that no promises or inducements have been made or offered to them except as set forth in this Agreement and further this Agreement is being executed by the LLOYD, H & B, HOFFMAN and J. EDWARDS without any reliance on any statement or representation by any employee or agent of the other party except as may be set forth herein.

11.      In the event it shall become necessary to consult with an attorney or to commence a suit or bring a motion in connection with the enforcement of any provision of this Agreement, or any right granted herein, the prevailing parties shall be entitled to recover from the other party attorneys' fees and costs incurred therein.

12.      This writing constitutes the entire Agreement between the parties respecting the subject matter herein, and any and all prior discussions that have taken place, negotiations and

-4

**4**

understandings are merged herein. No party shall be bound by any representation, warranty, promise, statement or information, made by any party or the representatives of any party unless it is specifically set forth herein. No modification or waiver of this Agreement is binding unless it is in writing and signed by each of the parties.

13.     This Agreement shall be binding upon and inure to the benefit of the heirs, executors, administrators, successors and assigns of the parties.

14.     This Agreement may be executed in counterparts.

IN WITNESS HEREOF the parties hereto have caused this Agreement to be duly executed.

DATED: _____          _____
                                Thomas Lloyd

Approved as to form:            LAW OFFICES OF EDWARD L. BLUM, P.C.

                                By _____
                                Edward L. Blum, attorneys for Thomas Lloyd

                                H & B PROPERTIES

DATED: _____          By _____
                                Jeffrey E. Hoffman, Member

                                J. EDWARDS COMPANY
                                INVESTMENT GROUP, INC.

DATED: _____          By _____
                                Jeffrey E. Hoffman, President

DATED: _____          _____
                                Jeffrey E. Hoffman, Individually

Approved as to Form:            LAW OFFICE OF JULIE B. GUSTAVSON

                                By _____
                                Julie B. Gustavson, Attorneys for H & B
                                Properties, J. Edwards Company Investment
                                Group, Inc., and Jeffrey E. Hoffman

-5-

Plaintiff's EOR-009

**DOCUMENT 3**

1  **PAHL & GOSSELIN**
   A Professional Corporation
2  **Stephen D. Pahl, Esq.**  (State Bar No. 95900)
   **Cheri L. MacArthur, Esq.**  (State Bar No. 192526)
3  160 West Santa Clara Street
   Fourteenth Floor
4  San Jose, California 95113-1700
   Telephone No.: (408) 286-5100
5  Facsimile No.: (408) 286-5722

6  Attorneys for Plaintiff
   JEFFREY E. HOFFMAN
7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF SAN FRANCISCO

10 JEFFREY E. HOFFMAN, an          )    Case No.  CGC - 0 5 - 4 4 0 1 0 3
   individual,                     )
11                                 )    [Demand Exceeds $25,000]
                                   )
12            Plaintiff,            )    **COMPLAINT FOR DAMAGES**
                                   )    **AND TO CANCEL INSTRUMENT**
13 v.                              )
                                   )
14 THOMAS R. LLOYD, an individual, )
   EDWARD L. BLUM, an individual,  )
15 and DOES 1 through 20, inclusive,)
                                   )
16            Defendants.           )
   _____)

17        COMES NOW Plaintiff JEFFREY E. HOFFMAN and alleges as follows:

18        1.      At all times relevant herein, Plaintiff JEFFREY E. HOFFMAN

19 ("HOFFMAN"), an individual, was a managing member of H&B PROPERTIES, LLC

20 ("H&B").

21        2.      Plaintiff is informed and believes and thereon alleges that at all times

22 relevant herein, Defendant THOMAS R. LLOYD ("LLOYD"), an individual, was an

23 individual residing within the State of California.

24        3.      Plaintiff is informed and believes and thereon alleges that all times relevant

25 herein, Defendant EDWARD L. BLUM ("BLUM"), an individual, was an attorney licensed

26 in the State of California and was practicing law in Alameda County, California.

27        4.      The amount in controversy herein exceeds $25,000.00 and thus this matter is

28 properly designated as a case of general jurisdiction.

Pahl & Gosselin
A Professional Corp.
160 West Santa Clara St.
Fourteenth Floor
San Jose, CA 95113
(408) 286-5100

31250\002
00048120.WPD

**COMPLAINT**                          1                          (Case No. )

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2005 APR -5  PH 2: 14

GORDON PARK - LI, CLERK
BY ANN MORAN
DEPUTY CLERK

CASE MANAGEMENT CONFERENCE SET

PLAN 1    SEP 0 2 2005   9:00 AM

DEPARTMENT 212

5.    Venue is proper in the County of San Francisco because the real property at issue is located within San Francisco County.

6.    Plaintiff does not know the true names or capacities, whether individual, corporate, associate, or otherwise of Defendants sued herein as DOES 1 through 20, inclusive. Plaintiff sues said Defendants by such fictitious names and prays leave to amend this Complaint when the true names and capacities of said Defendants have been ascertained. Plaintiff is informed and believes and thereon alleges that said Defendants conducted, participated in, or are responsible for the acts set forth herein, and Plaintiff is further informed and believes and thereon alleges that some or all of the said DOE Defendants are in combination, agency, or joint venture relationships with the named Defendants.

7.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each Defendant was the agent, servant, joint venturer, partner, and/or employee of each and every one of the other Defendants, and was acting within the course and scope of his authority, and each Defendant ratified, authorized, and approved of the acts of each other Defendant. Any acts or omissions attributed herein to a corporation or other business entity were authorized acts, performed by an authorized representative of said entity, acting within the course and scope of his agency or authority, and were ratified by reasonable representatives of the entity.

## GENERAL ALLEGATIONS

8.    In or about May 2003, LLOYD contacted HOFFMAN requesting that he provide financial accommodations to LLOYD with respect to LLOYD's real property located at 940 Elizabeth Street, San Francisco, California ("Subject Property").

9.    At LLOYD's request, HOFFMAN purchased the Subject Property from LLOYD under a PRDS Real Estate Contract dated May 28, 2003 ("Purchase Contract"). In exchange for said purchase, HOFFMAN agreed to and in fact paid LLOYD the sum of $900,000.00. HOFFMAN has performed all conditions and covenants and promises required to be performed by him under the Purchase Contract.

Pahl & Gosselin
A Pr____ l Corp.
160 V____ Clara St
Fourteenth Floor
San Jose, CA 95113
(408) 286-5100

31125\002
00048120.WPD

**COMPLAINT**

2

(Case No. ***)

Plaintiff's EOR-011

10.     On or about August 25, 2003, following the close of escrow, a Grant Deed transferring the Subject Property from LLOYD to HOFFMAN was recorded with the County of San Francisco.

11.     On or about May 28, 2003, HOFFMAN agreed to and in fact leased to LLOYD the Subject Property pursuant to a written Residential Lease After Sale ("Lease") which provided for a month-to-month tenancy.  HOFFMAN has performed all conditions and covenants and promises required to be performed by him under the Lease.

12.     Pursuant to the terms of the Lease, LLOYD was required to pay to HOFFMAN the sum of $3,595.64 per month as rent for the Subject Property.

13.     LLOYD failed to pay to HOFFMAN any installment of rent due under the Lease.

14.     Following the transfer of the Subject Property from LLOYD to HOFFMAN, HOFFMAN conveyed the Subject Property to H&B by Grant Deed recorded on August 5, 2004.  H&B has subsequently reconveyed the Subject Property to HOFFMAN via Grant Deed dated November 24, 2004 and recorded on January 4, 2005.

15.     On June 2, 2004, H&B filed a Complaint for Unlawful Detainer against LLOYD in the Superior Court of California, County of San Francisco (the "Unlawful Detainer Action").

16.     Plaintiff is informed and believes and thereon alleges that in connection with the Unlawful Detainer Action, Defendant LLOYD was represented by Defendant BLUM.

17.     Following LLOYD's filing of an Answer in the Unlawful Detainer Action, the parties engaged in settlement discussions.  As a result of those discussions, on August 3, 2004, H&B and HOFFMAN on the one hand, and LLOYD on the other hand, executed a Settlement and Mutual Release Agreement under which LLOYD was provided ninety (90) days until October 15, 2004, to either sell the Subject Property, or alternatively, complete a repurchase of the Subject Property (the "Settlement Agreement").  LLOYD also waived all claims against H&B and HOFFMAN by executing a general release pursuant to California Civil Code Section 1542.  A true and correct copy of the Settlement Agreement is attached

Pahl & Gosselin
A Professional Corp.
160 West Santa Clara St.
Fourteenth Floor
San Jose, CA 95113
(408) 286-5100

3125\002
00048120.WPD

3

**COMPLAINT**                                                    (Case No. •••)

1   hereto as Exhibit A.

2       18.     Simultaneously with the execution of the Settlement Agreement, LLOYD

3   and H&B and HOFFMAN executed a Stipulation for Entry of Judgment and Judgment in

4   the event LLOYD failed to perform under the Settlement Agreement.  A true and correct

5   copy of the Stipulation for Entry of Judgment and Judgment is attached hereto as Exhibit B.

6       19.     LLOYD failed and/or refused to perform his obligations under the Settlement

7   Agreement.

8       20.     On October 15, 2004, just prior to Plaintiff's ability to record the judgment

9   against LLOYD in the Unlawful Detainer Action and take action under the Settlement

10  Agreement with respect to the Subject Property, LLOYD filed a Voluntary Petition under

11  Chapter 11 of the United States Bankruptcy Code.

12      21.     In addition, subsequent to executing the Settlement Agreement and with

13  knowledge of the terms thereof, on or about October 18, 2004, Defendants LLOYD and

14  BLUM created, executed and caused to be recorded with the Recorder for the City and

15  County of San Francisco, a Notice of Rescission of Grant Deed Recorded Pursuant to Home

16  Equity Sales Contract, California Civil Code Section 1695.14 ("Notice of Rescission")

17  against the Subject Property.  A true and correct copy of the Notice of Rescission is attached

18  hereto as Exhibit C.

19      22.     Plaintiff is informed and believes and thereon alleges that the Notice of

20  Rescission was recorded by Defendants without any serious contemplation of future

21  litigation.  Rather, the Notice of Rescission was recorded in bad faith as a tactical ploy to

22  thwart H&B's right to the Subject Property and not as a legitimate means to resolving any

23  dispute between the parties.

24      23.     On November 24, 2004, the Bankruptcy Court granted Plaintiff's Motion for

25  Relief from the Automatic Stay *nunc pro tunc*, specifically permitting the instant action to

26  be filed without violation of the automatic stay.

27  ///

28  ///

Pahl & Gosselin
A Professional Corp.
160 Santa Clara St.
Fourteenth Floor
San Jose, CA 95113
(408) 286-5100

31251002
00048120.WPD

**COMPLAINT**                           4                          (Case No. ***)

## FIRST CAUSE OF ACTION

### (Slander of Title)

24.   Plaintiff HOFFMAN realleges and incorporates into this Cause of Action paragraphs one through twenty-three of this Complaint as though fully set forth herein.

25.   On or about October 18, 2004, Plaintiff was the owner in fee of title to the Subject Property.

26.   On or about October 18, 2004, Defendants LLOYD and BLUM willfully, wrongfully, without justification, and without privilege created, published and/or caused the Notice of Rescission to be recorded against the Subject Property despite the fact that they had no legal basis to do so.

27.   The Notice of Rescission was false and caused doubt to be cast on Plaintiff's title to the Subject Property.

28.   The preparation and recording of the Notice of Rescission directly impaired the vendability of the Subject Property on the open market in an amount not yet ascertained.

29.   The recording of the Notice of Rescission has made it necessary for HOFFMAN and H&B to retain attorneys and to bring this action to cancel the Notice of Rescission casting doubt on HOFFMAN's title.

30.   Therefore, Plaintiff is entitled to recover attorney's fees and costs incurred in cancelling the instrument. The exact amount of such damages is not known to Plaintiff at this time and Plaintiff will move to amend this Complaint to state such amount when the same becomes known, or on proof thereof.

31.   Furthermore, the aforementioned creation, publication and recording was motivated by Defendants' oppression, fraud and/or malice in that Defendants had no basis for recording the Notice of Rescission given that LLOYD had waived all claims against H&B and HOFFMAN and the Notice of Rescission was not properly recordable under California law. Therefore, an award of exemplary and punitive damages is justified.

WHEREFORE, Plaintiff HOFFMAN prays for judgment against Defendants LLOYD and BLUM as set forth in the Prayer for Relief below.

Pahl & Gosselin
A Professional Corp.
160 W. Santa Clara St.
Fourteenth Floor
San Jose, CA 95113
(408) 286-5100

3125\002
00048120.WPD

COMPLAINT                                        5                              (Case No. ***)

Plaintiff's EOR-014

## SECOND CAUSE OF ACTION

### (Cancellation of Cloud on Title)

32.     Plaintiff HOFFMAN realleges and incorporates into this Cause of Action paragraphs one through thirty-one of this Complaint as though fully set forth herein.

33.     Defendant LLOYD claims and asserts an interest in the Subject Property which is adverse to Plaintiff HOFFMAN.  That interest is based on a Notice of Rescission which was recorded on or about October 18, 2004, in the County of San Francisco.

34.     The Notice of Rescission is invalid and void because it is false and the alleged grounds supporting the Notice of Rescission are without merit, especially given that LLOYD has legally waived all claims against HOFFMAN and H&B relating to the Subject Property.

35.     The claim of Defendant LLOYD to the Subject Property clouds Plaintiff's title to that property, depreciates the property's market value, and prevents Plaintiff from enjoying the use of the property and premises in the manner most to its interest as its owner.

WHEREFORE, Plaintiff HOFFMAN prays for judgment against Defendant LLOYD as set forth in the Prayer for Relief below.

## THIRD CAUSE OF ACTION

### (Breach of Contract)

36.     Plaintiff HOFFMAN realleges and incorporates into this Cause of Action paragraphs one through twenty-three of this Complaint as though fully set forth herein.

37.     Plaintiff has performed all conditions, covenants, and promises required to be performed on his part in accordance with the terms of the Settlement Agreement.

38.     On or about October 18, 2004, Defendant LLOYD breached the Settlement Agreement by, among other things, recording the Notice of Rescission, failing to perform under the Settlement Agreement and preventing Plaintiff from proceeding as agreed in accordance with the terms of the Settlement Agreement.

39.     As a result of Defendant's breach of the Settlement Agreement, Plaintiff has suffered damages in an amount to be proven at trial.

Pablo Gosselin
A Professional Corp.
160 ... Clara St.
Fourteenth Floor
San Jose, CA 95113
(408) 286-5100

3125\002
00048120.WPD

**COMPLAINT**

6

(Case No. ***)

40. Section Eleven of the Settlement Agreement provides that LLOYD agrees to pay all attorney's fees and costs which may be incurred by Plaintiff in the enforcement of the Settlement Agreement. Plaintiff has employed the services of Pahl & Gosselin, a Professional Corporation, to enforce his rights under the Settlement Agreement and has incurred and will continue to incur attorney's fees and costs as a result.

WHEREFORE, Plaintiff HOFFMAN prays for judgment against Defendant LLOYD as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JEFFREY E. HOFFMAN, an individual, prays for judgment against Defendants THOMAS R. LLOYD, an individual, EDWARD L. BLUM, an individual, and each of them, as follows:

1. For compensatory damages in an amount to be proven at trial;

2. For additional damages in an amount to be proven at trial incurred by Plaintiffs for the inconvenience and time suffered in removing this cloud on its title;

3. For the Notice of Rescission to be delivered to the Clerk of the Court for cancellation and that it be declared void;

4. For attorney's fees and costs incurred in removing the cloud on Plaintiff's title in an amount to be proven at trial;

5. For punitive and exemplary damages in an amount sufficient to punish Defendants and to deter such others from such conduct in the future;

6. For costs of suit incurred herein; and,

7. For such other and further relief as the court may deem just and proper.

DATED: March 30, 2005

PAHL & GOSSELIN
A Professional Corporation

By: _____
Stephen D. Pahl

Attorneys for Plaintiff
JEFFREY E. HOFFMAN

Pahl & Gosselin
A Professional Corp.
160 [illegible] Clara St.
Fourteenth Floor
San Jose, CA 95113
(408) 286-5100

31251002
00048120.WPD

COMPLAINT

7

(Case No. ***)

Plaintiff's EOR-016

 

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement ("the Agreement") is entered into by the following parties:

1.    THOMAS R. LLOYD, his assigns, successors, representatives, agents, attorneys and employees of any of them, hereinafter referred to as "LLOYD";

2.    H & B PROPERTIES, L.L.C., its assigns, successors, representatives, partners, members, agents, attorneys and employees of any of them, hereinafter referred to as "H & B";

4.    J. EDWARDS COMPANY INVESTMENT GROUP, INC., its assigns, successors, representatives, shareholders, officers, directors, agents, attorneys and employees of any of them, hereinafter referred to as "J. EDWARDS"; and

3.    JEFFREY E. HOFFMAN, his assigns, successors, representatives, agents, attorneys and employees of any of them, hereinafter referred to as "HOFFMAN".

This Agreement is entered into by the parties with reference to the following facts:

### RECITALS

A.  WHEREAS, LLOYD was the owner of real property commonly known as 940 Elizabeth Street, San Francisco, California ("the Property"); and

B.  WHEREAS, LLOYD came in contact with HOFFMAN at J. EDWARDS in his efforts to remedy a personal financial situation; and

C.  WHEREAS, HOFFMAN is a member of H & B, which is in the business of investing in real property; and

D.  WHEREAS, H & B purchased the Property from LLOYD, giving LLOYD a one-year lease ("the Lease") and an option to repurchase the Property ("the Option" and the Repurchase Agreement") within one year following the purchase by H & B; and

E.  WHEREAS, LLOYD fell behind in his lease payments, and

-1-

EXHIBIT A

Plaintiff's EOR-017

F.   WHEREAS, H & B served on LLOYD a Three-Day Notice to Pay Rent or Quit, which was followed by the filing of an unlawful detainer complaint in San Francisco County Superior Court, identified as Case No. CUD04-610594 ("the Action"); and

G.   WHEREAS, LLOYD filed an Answer claiming, inter alia, that the sales transaction was a disguised security device and thereby unenforceable;

The parties now desire to resolve their differences on the terms and conditions set forth hereinbelow.

## AGREEMENT AND MUTUAL GENERAL RELEASE

1.a.   In consideration of the foregoing, and the promises and conditions set forth hereinbelow, LLOYD, H & B, HOFFMAN and J. EDWARDS hereby mutually release and forever discharge each other and their respective heirs, officers, directors, trustees, shareholders, members, agents, assigns, successors, servants, employees, attorneys, subsidiaries, heirs, executors and administrators of and from any and all debts, demands, actions, causes of action, judgments, liabilities, liens and claims of every kind and nature whatsoever, whether known or unknown, liquidated or contingent, arising from the Action or arising from or related to the Property, the purchase by H & B, the Lease, the Option or the Repurchase Agreement, except as set forth hereinbelow.

b.   It is understood and agreed that this is a full and final release applying to all unknown and unanticipated injuries, or other damages to the parties arising from the matters asserted in the Action, or in any way related to the Property. LLOYD, H & B, HOFFMAN and J. EDWARDS, and each of them, expressly waive the provisions of California Civil Code Section 1542 which provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exists in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

-2

Plaintiff's EOR-018

 

2.      The purpose of this Agreement is to resolve claims which are disputed, and to reach a compromise.  Nothing contained herein shall be deemed as an admission by any party to this Agreement of any liability and/or wrongdoing of any kind, all such liability and/or wrongdoing being expressly denied.

3.      Upon execution of this Agreement by H & B, H & B shall forebear continuance of prosecution of the Action, as well as forbearance of any other forms of enforcement of H & B's rights under the Lease Agreement or Option Agreement for a period of 90 days commencing on July 12, 2004.

4.      LLOYD and H & B shall execute within one week following execution of this Agreement, a Stipulation for Entry of Judgment ("the Stipulation") in the Action.  The Stipulation shall be for entry of a money judgment in the amount of $ 60,886.17, plus attorneys; fees and court costs in the amount of $3,500, as well as for immediate possession of the Property.  The Stipulation shall be held by H & B, without filing for at least 90 days from the July 12, 2004, the date of the oral agreement between LLOYD, HOFFMAN and H & B ("the forbearance period"), allowing LLOYD that amount of time to dispose of or repurchase the Property.  A copy of the Stipulation is attached hereto as Exhibit "A".

5.      During the 90-day forbearance period, LLOYD may do either of the following: a) find a buyer willing to complete a purchase of the Property within the 90 days; or  b) repurchase the Property, himself, by paying all monies now due H & B as well as those which will come due during the 90-day forbearance period as a result of LLOYD'S status as a holdover tenant, and paying off all existing debt within the 90-day period.

6.      In the event that LLOYD does not perform either under paragraph 5(a) or 5(b), above, then, at the end of the 90-day forbearance period, H & B shall have the right to file the Stipulation with the Court and obtain a court Judgment in the Action, and may proceed with a Writ of Possession as provided by California law.  Upon obtaining possession, H & B shall immediately

-3-

Plaintiff's EOR-019

 

list the Property for fair market value. Upon the sale of the Property, all secured debt and H & B's demand amount shall first be satisfied and all remaining monies shall be paid to LLOYD.

7.      In the event that LLOYD does perform under either 5(a) or 5(b), and the default under the lease agreement is cured, H & B shall cause to be filed a Request for Dismissal of the Unlawful Detainer action in its entirety, and the Stipulation shall be null and void.

8.      The parties acknowledge and agree that they have been represented in the negotiation and review of this Agreement by counsel of their own choosing, or have had the opportunity to do so, that they have read this Agreement or had it read to them by counsel, that they understood the Agreement and are fully aware of the contents and legal effect of the Agreement.

9.      This Agreement is freely and voluntarily entered into by each party.  LLOYD, HOFFMAN, H & B and J. EDWARDS represent and warrant to each other that they have not assigned or transferred any of their rights or interest in the matters being released hereunder, and they will indemnify and hold harmless each other against any and all costs, damages or expenses, including attorneys' fees, arising from any such assignment or transfer.

10.      The parties acknowledge and agree that no promises or inducements have been made or offered to them except as set forth in this Agreement and further this Agreement is being executed by the LLOYD, H & B, HOFFMAN and J. EDWARDS without any reliance on any statement or representation by any employee or agent of the other party except as may be set forth herein.

11.      In the event it shall become necessary to consult with an attorney or to commence a suit or bring a motion in connection with the enforcement of any provision of this Agreement, or any right granted herein, the prevailing parties shall be entitled to recover from the other party attorneys' fees and costs incurred therein.

12.      This writing constitutes the entire Agreement between the parties respecting the subject matter herein, and any and all prior discussions that have taken place, negotiations and

-4-

Plaintiff's EOR-020

 

understandings are merged herein. No party shall be bound by any representation, warranty, promise, statement or information, made by any party or the representatives of any party unless it is specifically set forth herein. No modification or waiver of this Agreement is binding unless it is in writing and signed by each of the parties.

13.    This Agreement shall be binding upon and inure to the benefit of the heirs, executors, administrators, successors and assigns of the parties.

14.    This Agreement may be executed in counterparts.

IN WITNESS HEREOF the parties hereto have caused this Agreement to be duly executed.

DATED: _____

_____
Thomas Lloyd

Approved as to form:

**LAW OFFICES OF EDWARD L. BLUM, P.C.**

By _____
Edward L. Blum, attorneys for Thomas Lloyd

**H & B PROPERTIES**

DATED: _____

By _____
Jeffrey E. Hoffman, Member

**J. EDWARDS COMPANY INVESTMENT GROUP, INC.**

DATED: _____

By _____
Jeffrey E. Hoffman, President

DATED: _____

_____
Jeffrey E. Hoffman, Individually

Approved as to Form:

**LAW OFFICE OF JULIE B. GUSTAVSON**

By _____
Julie B. Gustavson, Attorneys for H & B Properties, J. Edwards Company Investment Group, Inc., and Jeffrey E. Hoffman

-5-

Plaintiff's EOR-021

understandings are merged herein. No party shall be bound by any representation, warranty, promise, statement or information, made by any party or the representatives of any party unless it is specifically set forth herein. No modification or waiver of this Agreement is binding unless it is in writing and signed by each of the parties.

13.    This Agreement shall be binding upon and inure to the benefit of the heirs, executors, administrators, successors and assigns of the parties.

14.    This Agreement may be executed in counterparts.

IN WITNESS HEREOF the parties hereto have caused this Agreement to be duly executed.

DATED: _____          _____
                                      Thomas Lloyd

Approved as to form:                  LAW OFFICES OF EDWARD L. BLUM, P.C.

                                      By _____
                                      Edward L. Blum, attorneys for Thomas Lloyd

                                      H & B PROPERTIES
DATED: _____          By _____
                                      Jeffrey E. Hoffman, Member

                                      J. EDWARDS COMPANY
                                      INVESTMENT GROUP, INC.
DATED: _____          By _____
                                      Jeffrey E. Hoffman, President

DATED: _____          _____
                                      Jeffrey E. Hoffman, Individually

Approved as to Form:                  LAW OFFICE OF JULIE B. GUSTAVSON

                                      By _____
                                      Julie B. Gustavson, Attorneys for H & B
                                      Properties, J. Edwards Company Investment
                                      Group, Inc., and Jeffrey E. Hoffman

-5-

Law Office of Julie B. Gustavson
JULIE B. GUSTAVSON (CA Bar Assn. No. 139060)
5132 N. Palm Avenue, Suite 103
Fresno, California 93704
Telephone:  (559) 230-0593
Fax:    (559) 230-0595

Attorney for Plaintiffs H & B Properties, L. L. C.

SAN F      . COUNTY

2004 OCT 21  PM 4: 21

COR         CLERK

BY:_____
        REALTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

H & B PROPERTIES, INC.,

                Plaintiff,

vs.

THOMAS R. LLOYD, and DOES I
through V, inclusive,

             Defendants.

Case No.  CUD-04-610594

STIPULATION FOR ENTRY OF
JUDGMENT and JUDGMENT

     Plaintiff, H & B PROPERTIES (hereinafter referred to as "H & B") and Defendant THOMAS R. LLOYD (hereinafter referred to as "LLOYD")hereby agree and stipulate as follows:

     1.   Judgment shall immediately be entered in favor of H & B and against LLOYD for the following:

a) possession of the real property commonly known as 940 Elizabeth Street, San Francisco, California 94114 ("the Property";

b) rents and late fees in the amount of $60,886.17

c) attorneys' fees and costs in the amount of $3,500.00.

1

**EXHIBIT B**

Plaintiff's EOR-023



2.   H & B shall be entitled to immediate issuance of a Writ

of Possession for the Property.

                                        H & B PROPERTIES, L.L.C.


Dated: _____    By _____
                                        Jeffrey E. Hoffman, Member


Approved as to form:                    **LAW OFFICE OF JULIE B. GUSTAVSON**



                            By _____
                                        Julie B. Gustavson, attorney for
                                        Plaintiff


Dated: _____    By _____
                                        Thomas R. Lloyd


Approved as to form:                    **LAW OFFICES OF EDWARD L. BLUM**



                            By _____
                                        Edward L. Blum, attorneys for
                                        Defendant

2

FROM :                                    U/      UU4 14.22 #516 P.UU6/UU9

2.    H & B shall be entitled to immediate issuance of a Writ
of Possession for the Property.

H & B PROPERTIES, L.L.C.

Dated: _____    By _____
                                     Jeffrey E. Hoffman, Member

Approved as to form:              LAW OFFICE OF JULIE B. GUSTAVSON

                                  By _____
                                     Julie B. Gustavson, attorney for
                                     plaintiff

Dated: _____      By _____
                                     Thomas R. Lloyd

Approved as to form:              LAW OFFICES OF EDWARD L. BLUM

                                  By _____
                                     Edward L. Blum, attorneys for
                                     Defendant

2



Recorded at the request of:

Thomas R. Lloyd
940 Elizabeth Street
San Francisco, California 94114

When recorded, return to:

Thomas R. Lloyd
c/o Edward L. Blum, Esq.
201 19th Street, Suite 200
Oakland, California 94612



San Francisco Assessor-Recorder
Mabel S. Teng, Assessor-Recorder
DOC- 2004-H833761-00
Monday, OCT 18, 2004 15:10:42
Ttl Pd $13.00      Nbr-0002605693
REEL 1745 IMAGE 0506
             ogi/JW/1-3

## NOTICE OF RESCISSION OF GRANT DEED RECORDED
## PURSUANT TO HOME EQUITY SALES CONTRACT
### California Civil Code § 1695.14

TO: JEFFREY E. HOFFMAN, H & B PROPERTIES, LLC, and to all persons and entities claiming any rights of ownership, liens, mortgages or other beneficial interests in the residential real property, located at 940 Elizabeth Street, San Francisco, California 94114, and more particularly described in Exhibit A, attached hereto.

YOU AND EACH OF YOU SHALL HEREBY TAKE NOTICE that THOMAS R. LLOYD, as grantor under that certain Grant Deed in favor of JEFFREY E. HOFFMAN, recorded August 25, 2003, at Reel 1458 Image 0395, on behalf of himself and H & B Properties, LLC, (as evidenced by that certain Grant Deed from JEFFREY E. HOFFMAN, to H & B PROPERTIES, LLC, recorded August 4, 2004, Reel 1695, Image 0215), does hereby rescind such Grant Deed recorded August 25, 2003 at Reel 1458 Image 0395 and the unrecorded sale transaction which gave rise to such deed, on the grounds set forth in California Civil Code §§ 1690-1695.17, et seq., including, but not limited to, § 1695.14

DEMAND IS HEREBY MADE for transfer of title to the above-described real property to THOMAS R. LLOYD. Failure to comply with the foregoing shall subject the offending parties to all sanctions available under law.

Date: October 18, 2004

THOMAS R. LLOYD

# EXHIBIT C

Plaintiff's EOR-026

**Notary Acknowledgment**

State of California    LKJ    )
County of Alameda~~    ~~  ) ss.
San Francisco

On October 18, 2004, before me, LESLIE K. JACKSON, Notary Public, personally appeared THOMAS R. LLOYD, ~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Leslie K. Jackson_                    (SEAL)



All that certain real property situate in the City and County of San Francisco, State of California, described as follows:

Beginning at a point on the northerly line of Elizabeth Street, distant thereon 200 feet westerly from the westerly line of Hoffman Avenue; running thence westerly and along the northerly line of Elizabeth Street 25 feet; thence at a right angle northerly 114 feet; thence at a right angle easterly 25 feet; thence at a right angle southerly 114 feet to the northerly line of Elizabeth Street and the point of beginning.

Being Lot No. 205, Heyman Tract, as per Map thereof filed and recorded in Liber "E" and "F" of Maps, Pages 158 and 159, in the Office of the County Recorder of the City and County of San Francisco, State of California.

ARB No:
APN No: Lot: 014 Blk: 2807

Exhibit A

 

## PROOF OF SERVICE BY CERTIFIED MAIL

I am employed in the City of Oakland, County of Alameda, by the Law Offices of Edward L. Blum, 201-19th Street, Suite 200, Oakland, California 94612. I am over the age of 18 years and not a party to the within action.

On October 18, 2004, I served the following document

NOTICE OF RESCISSION OF GRANT DEED RECORDED
PURSUANT TO HOME EQUITY SALES CONTARCT
California Civil Code § 1695.14

By certified mail, return receipt requested, with postage fully prepaid, and service was effected by depositing a true copy of the document, enclosed in a sealed envelope with postage therein fully prepaid, in the United States mail at San Francisco, California, addressed as follows:

Jeffrey E. Hoffman
5132 N. Palm Avenue, Suite 103
Fresno, California 93704-2203

H & B PROPERTIES, LLC
c/o Kethleen M. Lindlar
2037 W Bullard Avenue, Suite 214
Fresno, California 93711

H & B PROPERTIES, LLC
5132 N. Palm Avenue, Suite 103
Fresno, California 93704-2203

J. EDWARDS CO. INVESTMENT GROUP
5132 N. Palm Avenue, Suite 103
Fresno, California 93704-2203

Julie B. Gustavson, Esq.
LAW OFFICES OF JULIE B. GUSTAVSON
5132 N. Palm Avenue, Suite 103
Fresno, California 93704-2203

J. EDWARDS CO. INVESTMENT GROUP
c/o Michael W. Newcomb, Esq.
380 Stevens Avenue, Suite 314
Solana Beach, California 92075

NEW CENTURY TITLE CO.
415 East Hamilton Avenue
Campbell, California 95008

GREENPOINT MORTGAGE
2300 Brookstone Centre Pkwy
Columbus, Georgia 31904

NORCAL FINANCIAL
311 W. Third Street
Carson City, Nevada 89703

Date: October 18, 2004

LESLIE K. JACKSON

**DOCUMENT 4**

3125-002

ENDORSED
F I L E D
San Francisco County Superior Court

JUN 16 2005

GORDON PARK-LI, Clerk
BY: _____WILLIAM TRUPEK_____
Deputy Clerk

1  Jeffrey J. Goodrich (SBN 107577)
2  GOODRICH & ASSOCIATES
   336 Bon Air Center, Suite 335
3  Greenbrae, CA 94904
   (415) 925-8630  VOICE
4  (415) 925-9242  FAX

5

6  Attorneys for Defendant and Cross Complainant
   Thomas R. Lloyd

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF SAN FRANCISCO

10

11  JEFFREY E. HOFFMAN, an individual       Case No. Case No. CGC-05-449103

12         Plaintiff,
                                            CROSS-COMPLAINT FOR (1)
13  v.                                      DECLARATORY RELIEF: (2) AVOIDANCE
                                            OF FRAUDULENT CONVEYANCES
14  THOMAS R. LLOYD, and individual,        AND/OR OBLIGATIONS; (3)
    EDWARD L. BLUM, and individual, and     TRANSFEREE LIABILITY; (4) QUIET
15  DOES 1 through 20, inclusive,           TITLE; (5) AN ACCOUNTING; (6)
                                            DETERMINATION OF VALIDITY,
16                                          EXTENT AND PRIORITY OF LIENS; and
           Defendants                       (7) OJBECTION TO CLAIM
17

18

19                                          AP  05-03328

20

21  THOMAS R. LLOYD, an individual,

22         Cross-complainant,

23  v.

24  JEFFREY E. HOFFMAN, an individual doing
    business as H & B PROPERTIES; H & B
25  PROPERTIES, LLC, a California limited
    liability company,  J. EDWARDS
26  INVESTMENT GROUP, INC., a California
    corporation, and NORCAL FINANCIAL, INC.,
27  a Nevada corporation,

28

COMPLAINT FOR DECLARATORY RELIEF, ETC.

1   Cross-Defendants.

2

3

4       Defendant and Cross-Complainant, Thomas Lloyd ("Debtor") hereby alleges:

5                          JURISDICTION AND VENUE

6

7       1.      On or about October 15, 2004, the Debtor filed a voluntary petition in this Court

8   under Chapter 11.

9       2.      On or about February 11, 2005, Defendants Jeffrey Hoffman ("Hoffman") H & B

10  Properties LLC ("H&B") and J. Edwards Group, Inc. ("J. Edwards") filed a proof of claim in said

11  Chapter 11 case. Defendant Norcal Financial, Inc ("Norcal"). asserts a lien against property of the

12  within bankruptcy estate. Hoffman, H&B, J.Edwards and Norcal are referred to collectively herein

13  as "Defendants")

14      3.      This Court has jurisdiction over this Cross-Complaint pursuant to 28 U.S.C. Sections

15  157 and 1334(a).

16      4.      Venue properly lies in the Northern District of California, San Francisco Division

17  pursuant to 28 U.S.C. Section 1409(a) and Bankruptcy Local Rule 1002-1(b).

18      5.      This Adversary Proceeding is a "core" proceeding as that term is defined in 28 U.S.C.

19  Section 157, and this Court may enter a final judgment herein.

20      6.      Defendants allege to be creditors of the Debtor.

21      7.      Plaintiff is informed and believes and thereon alleges that at all times herein

22  mentioned each of the Defendants was the agent and/or employee of each of the remaining

23  Defendants and, in doing the things hereinafter alleged, was acting within the scope and course of

24  such agency and/or employment.

25

26                          FIRST CAUSE OF ACTION

27                              [Declaratory Relief]

28

Plaintiff's EOR-031

8.      Plaintiff realleges the allegations set forth in paragraphs 1 through 7, inclusive, as though fully set forth herein.

9.      In or about June 2003, the Debtor applied to Defendants for a residential loan. The purpose of the loan was to cure defaults that had been declared by holders of certain residential loans secured by that certain real property located at and commonly known as 940 Elizabeth Street, San Francisco, California ("Debtor's Residence"). At that time, the total amount of the defaulted loans and property taxes secured by the Debtor's Residence was approximately $600,000 and the fair market value of the Debtor's Residence was approximately $900,000.

10.     While the Debtor's Residence was a "residence in foreclosure" within the meaning of California Civil Code §1695 et seq., Defendants offered to refinance the defaulted loans. The Defendants required that the refinance be structured as follows: The Debtor was required to execute a grant deed conveying fee simple title to the Debtor's Residence ("the Deed") to Defendant Hoffman, who agreed to refinance the defaulted loans with a third party mortgage lender, Greenpoint Financial. At the same time, Hoffman agreed to enter into a written lease of the Debtor's Residence granting the Debtor the continued right to occupy the Debtor's Residence ("the Lease") so long as the Debtor paid a monthly "rent" in the exact amount of the monthly mortgage payment owing to Greenpoint Financial. In addition, the Debtor was to receive an option to re-purchase the Debtor's Residence from Hoffman ("the Option") for the sum of approximately $630,000 ("the Option Price").

11.     Defendants, and each of them, represented to the Debtor that the aforementioned refinancing was less expensive than a traditional refinance. Defendants, and each of them, further represented to the Debtor that notwithstanding the transfer of the Debtor's Residence to Hoffman by the Deed, the Debtor would continue to enjoy all of the benefits and rights of ownership of the Debtor's Residence, including but not limited to uninterrupted and exclusive possession thereof.

                    Plaintiff's EOR-032

provided the monthly "rent" was paid. Based upon those representations, the Debtor executed said Deed and Lease, and Defendants refinanced the Debtor's Residence in the name of Hoffman and through Greenpoint Financial.

12.     Immediately upon entering into the foregoing refinance scheme, Defendants charged the Debtor the sum of $3,595.64 per month "rent" for the Debtor's Residence, which sum Defendants represented to the Debtor constituted the mortgage payment owing to Greenpoint Financial.

13.     Defendants, and each of them, knew or should have known that the Debtor had no ability whatsoever to make the required "rent" payments. Defendants, and each of them, knew the Debtor had been unemployed for several years and had no prospects of employment or income. Defendants knew or should have known that the Debtor's Residence was a "residence in foreclosure" within the meaning of California Civil Code §1695 et seq.

14.     Immediately after executing the Deed and Lease, the Debtor defaulted in the payment of sums due and characterized as rent under the Lease. Defendants thereafter initiated that certain unlawful detainer action, entitled H & B Properties, LLC, vs. Thomas R. Lloyd, Does 1 through V, inclusive, Defendants, bearing San Francisco Superior Court Action No. CUD-04-610594 ("the Unlawful Detainer Action").

15.     At no time have Defendants, or any of them, commenced any foreclosure proceedings, judicial or non-judicial, against the Debtor or the Debtor's Residence.

16.     In said Unlawful Detainer Action, Defendants requested a judgment for possession of the Debtor's Residence and payment of the unpaid "rent" due under the Lease.

17.     Defendants' Proof of Claim, filed in the Debtor's Chapter 11 case, requests payment of the unpaid "rent" which Defendants claim is due and owing under the Lease.

COMPLAINT FOR DECLARATORY RELIEF, ETC.

18.      Immediately prior to the date set for trial of the Unlawful Detainer Action, the Debtor entered into a Stipulation with Defendants, a true and correct copy of which is attached hereto as Exhibit "A" and made a part hereof.  Under said Stipulation, Defendants gave the Debtor ninety (90) days (until October 15, 2004) within which to sell or refinance the Debtor's residence and pay all unpaid "rent" due under the Lease, together with all legal fees and costs expended by Defendants as of that date.  In the event the Debtor failed to make said payment, the Stipulation provides that Defendants would be entitled to a judgment in the Unlawful Detainer Action.  The Stipulation further provides that in such an event, the Defendants would sell the Debtor's Residence for fair value and pay the Debtor all proceeds of sale after payment of secured debt.

19.      As part of the foregoing Stipulation, the Debtor was required to execute a general release of all claims against Defendants.

20.      Following the execution of said Stipulation, the Debtor attempted to find a buyer for the Debtor's Residence.  The Debtor met with a real estate broker who advised the Debtor that because title to the property was in the name of Hoffman, the Debtor needed Hoffman to execute a listing agreement.  The Debtor is informed and believes, and based thereon alleges, that Hoffman thereafter refused to cooperate with any listing, suggesting instead that the Debtor sell the property to an unnamed buyer Hoffman told the Debtor Hoffman had located.  After Hoffman advised the Debtor that this buyer would not likely pay more than $800,000 for the property, the Debtor attempted to purchase the property back from Hoffman with the assistance of a buyer who was willing to allow the Debtor to remain in possession of the Residence and retain an equity interest therein.  To consummate such a sale, and commencing in or about September 2004, personally and through his legal counsel, the Debtor made several attempts to obtain from Defendants Hoffman and H & B the amount they were requiring the Debtor to pay them as a condition to restoring title to the

COMPLAINT FOR DECLARATORY RELIEF, ETC.

Debtor under the terms of the Stipulation.   Notwithstanding the Debtor's continued attempts, Defendants Hoffman and H & B failed and refused to provide the Debtor with a payoff demand until October 13, 2004 at 3:00 p.m., less than two days prior to the expiration of the Debtor's option.

22.    When the Debtor received Defendants' payoff demand on October 13, 2004, the Debtor learned for the first time that the Defendants were demanding a much larger sum than Debtor had been told by Defendants he would be required to pay to regain his title under the Stipulation. The Debtor learned for the first time that Defendants were demanding the sum of $812,549.20 to restore title to the Debtor, which sum represented the following demands: 1) Greenpoint Financial: $652,550.90; 2) H & B Properties, LLC: 45,543.30; and 3) Norcal Financial, Inc.: $114,455.00. A true and correct copy of said demands received from Defendants is attached hereto as Exhibit "B" and made a part hereof.

23.    Prior to delivering said payoff demands, Defendants Hoffman and H & B had never disclosed to the Debtor that they had borrowed any amounts from Norcal Financial secured by the Debtor's Residence.   At no time did the Debtor ever authorize the Defendants to encumber the Debtor's residence for the benefit of any entity other than Greenpoint Financial.

24.    On or about October 18, 2004, to protect his interest in the Debtor's Residence, the Debtor was required by the provisions of California Civil Code §1695.14 to record, and did record, in the county where the Debtor's Residence is located a Notice of Rescission of Grant Deed, a true and correct copy of which is attached hereto as Exhibit "C" and made a part hereof.

25.    A justiciable controversy has arisen and exists between the Debtor, on the one hand, and Defendants, and each of them, on the other.   The Debtor disputes that the Settlement Agreement, to the extent it purports to waive fundamental rights and protections afforded homeowners in the State of California, is enforceable.   Specifically, the Debtor asserts that the

COMPLAINT FOR DECLARATORY RELIEF, ETC.

general waiver of his rights and claims in the Settlement Agreement is unenforceable for, among other things, all or some of the following reasons:

    a)  the waiver is void as a matter of public policy;

    b)  the waiver is unenforceable under the provisions of California Civil Code §1695 et seq;

    c)  the waiver is unenforceable because the Debtor executed the waiver under duress;

    d)  the waiver is unenforceable because it violates California's anti-deficiency statutes and the one form of action rule;

    e)  the waiver is unenforceable because Defendants obtained the Debtor's consent to the waiver by fraud;

    f)  the waiver is unenforceable because Defendants deprived the Debtor of the benefit of his bargain when they failed and refused to provide a timely and legitimate payoff demand within the sixty day option period and, when Defendants submitted said demand, they submitted a demand that included unlawful charges, usurious interest and, in the case of Norcal Financial's demand, a demand to repay a debt the Debtor never incurred;

    g)  the waiver is unenforceable due to lack of consideration;

    h)  the waiver is unenforceable due to failure of consideration;

    i)  the waiver is unenforceable because Defendants materially breached the Stipulation by delivering a fraudulent payment demand on behalf of Norcal Financial, an entity that is either wholly owned by Defendants, and each of them, and such material breach excused the Debtor from performance under the Stipulation; and

    j)  The waiver is avoidable as a fraudulent conveyance.

The Debtor is informed and believes, and based thereon alleges, that Defendants, and each of them, dispute that the Stipulation is unenforceable. Defendants have repeatedly asserted in the Debtor's

bankruptcy case that the Debtor has no equitable interest in the Debtor's Residence whatsoever, that his interest is that of a mere tenant, and that he owes rent to Defendants rather than secured debt. Defendants claim further that the Notice constitutes slander of title. Furthermore, Defendants have commenced an Adversary Proceeding in the Debtor's Chapter 11 Case requesting a judgment for slander of title and a determination that any damages resulting therefrom are non-dischargeable.

26.     A court determination of the rights and liabilities of the Debtor, on the one hand, and the Defendants, on the other, is necessary to provide complete relief to the parties in this Adversary Proceeding, to resolve pending disputes concerning title to the Debtor's Residence (including Defendants' slander of title/non-dischargeability suit) and to administer the Debtor's Chapter 11 estate.

Wherefore, the Debtor prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

[Avoidance of Fraudulent Conveyance and/or Obligation]

27.     The Debtor hereby incorporates by reference, as though fully set forth herein, the allegations, and each of them, set forth in paragraphs 1 through 26, above.

28.     The Debtor is informed and believes, and based thereon alleges, that persons who are creditors in his Chapter 11 case held such claims against the Debtor in or about June 2003 when the Debtor transferred his interest in the Debtor's Residence to Hoffman by the Deed.

29.     The Debtor's transfer of his interest in the Debtor's Residence to Hoffman constituted a transfer of property for which the Debtor received less than fair equivalent value in exchange for

1  said transfer.  Said transfer was made while the Debtor was insolvent or, as a result of said transfer,

2  the Debtor became insolvent.

3      Wherefore, the Debtor prays for relief as hereinafter set forth.

4

5

6                              THIRD CAUSE OF ACTION

7                                [Transferee Liability]

8

9      30.    The Debtor hereby incorporates by reference, as though fully set forth herein, the

10  allegations, and each of them, set forth in paragraphs 1 through 29, above.

11      31.    The Debtor is informed and believes, and based thereon alleges, that after the Debtor

12  transferred the Debtor's Residence to Hoffman, Hoffman transferred said property to H & B without

13  consideration.

14

15      32.    The Debtor is informed and believes, and based thereon alleges, that defendant H & B

16  is not a good faith transferee, as that term is applied in 11 U.S.C. §550.

17      Wherefore, the Debtor prays for relief as hereinafter set forth.

18

19

20                              FOURTH CAUSE OF ACTION

21                                [Quiet Title]

22

23      33.    The Debtor hereby incorporates by reference, as though fully set forth herein, the

24  allegations, and each of them, set forth in paragraphs 1 through 32, inclusive.

25

26      34.    Pursuant to the provisions of California law, including but not limited to Civil Code

27  §§2924 and 1695 et seq., the Debtor is entitled to judgment in favor of the Debtor and against

28

COMPLAINT FOR DECLARATORY RELIEF, ETC.

Defendants, and each of them, quieting title to the Debtor's Residence free and clear of any claims of Defendants.

Wherefore, the Debtor prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### [Accounting]

35.     The Debtor realleges, as though fully set forth herein, the allegations, and each of them, set forth in paragraphs 1 through 34, inclusive.

36.     As the holder of bare legal title to the Debtor's Residence, Defendants Hoffman and H & B owed and continue to owe the Debtor a fiduciary duty not to encumber the Debtor's Residence. Defendants breached this duty by encumbering the Debtor's Residence with a lien in favor of Defendant Norcal Financial, Inc.

37.     The Debtor has demanded that Defendants account to the Debtor for any and all sums Defendants, and each of them, have received from such an unlawful encumbrance, but Defendants have failed and refused, and continue to fail and refuse, to provide any accounting whatsoever.

38.     In addition, Defendants have failed and refused, and continue to fail and refuse, to provide any explanation for the charges, fees and costs identified in the payoff demands identified in Exhibit "B" hereto. Without an explanation of said charges, fees and costs, the Debtor is unable to determine whether such charges, fees and costs are legitimate.

39.     The Debtor is therefore entitled to a detailed accounting from Defendants, and each of them, of all sums set forth in Defendants' payoff demands (Exhibit "B" hereto). The Debtor is informed and believes, and based thereon alleges, that such an accounting should disclose, among

COMPLAINT FOR DECLARATORY RELIEF, ETC.

other things, the nature and amount of all advances, fees, costs and charges that comprise said demands, the identity of the payee of any such amounts, and whether the Debtor approved any such advances.

Wherefore, the Debtor prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

[Determination of the Validity, Extent and Priority of Liens]

40.    Debtor incorporates herein by reference the allegations, and each of them, set forth in paragraphs 1 – 39, inclusive.

41.    Pursuant to the provisions of California Civil Code §§2924 and 2888, the Deed, though absolute on its face, did not pass legal title to Hoffman but, instead, created a mortgage lien in favor of Hoffman to secure the "rent" payments due under the Lease.

42.    Defendant Hoffman, as grantee under such a deed, was compelled by California Code of Civil Procedure §726 (the one-form-of-action-rule) to foreclose on his security rather than seek personal judgment for the amount of the unpaid "rent".

43.    On or about January 18, 2005, Defendants Hoffman and H & B filed a Complaint to Determine Dischargeability of Debts against the Debtor.  In that Adversary Proceeding, Defendants Hoffman and H & B seek a monetary judgment against the Debtor for all unpaid "rent" due under the Lease.

44.    At no time has either Hoffman or H & B attempted to foreclosure upon its mortgage, as required by the provisions of California Code of Civil Procedure §726.

COMPLAINT FOR DECLARATORY RELIEF, ETC.

Plaintiff's EOR-040

45.     By commencing the Unlawful Detainer Action, filing a Proof of Claim in the Debtor's Chapter 11 case, and filing the Complaint to Determine Dischargeability of Debts, Defendant Hoffman waived his mortgage lien against the Debtor's Residence.

46.     Debtor is informed and believes, and based thereon alleges, that Defendant Norcal Financial, Inc. is an affiliate of, or is owned or controlled by, Defendants, and each of them, such that there is a unity of interest between and among Norcal Financial, Inc. and Defendants Hoffman, H & B and J. Edwards Group, Inc.

47.     Debtor is informed and believes, and based thereon alleges, that Defendant Norcal Financial Inc. either knew or should have known that at all times mentioned herein the Debtor was the actual holder of legal title to the Debtor's Residence, that the Deed did not transfer legal title to Hoffman, that Hoffman did not have the Debtor's authority to encumber the Debtor's Residence, that the Debtor did not receive any benefit from Norcal Financial, Inc.'s subsequent encumbrance of the Debtor's Residence, and that no funds were ever advanced by Norcal Financial, Inc. to or for the benefit of the Debtor.

48.     Any lien asserted by Norcal Financial, Inc. against the Debtor's Residence is void for some or all of the following reasons: 1) lack of consideration; 2) the lien was not granted by the only person with legal title authorized to grant such a lien, viz., the Debtor; 3) Norcal is not a bona fide transferee for value within the meaning of 11 U.S.C. §550; and 4) fraud.

Wherefore, the Debtor prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

[Objection to Claim]

49.    Debtor incorporates herein by reference the allegations, and each of them, set forth in paragraphs 1 – 48, inclusive.

50.    The Debtor's obligation, if any, to pay "rent" to Defendant Hoffman under the terms of the Lease is a mortgage obligation only, and Hoffman is therefore barred by California Code of Civil Procedure §726 from enforcing such an obligation as an unsecured debt.

51.    Any equitable obligations owing to Defendants are barred by the doctrine of unclean hands.

52.    Any legal obligations owing to Defendants are offset by damages Defendants' unlawful conduct caused the Debtor, including but not limited to: 1) tort damages from his unlawful eviction; 2) economic damages; 3) attorneys' fees and costs; 4) all other consequential damages arising from Defendants' unlawful, fraudulent and predatory lending practices.

Wherefore, the Debtor prays for relief as hereinafter set forth.

## PRAYER

### FIRST CAUSE OF ACTION

1.    For Judgment in favor of the Debtor and against the Defendants, and each of them, determining that the Debtor's general release of claims against Defendants is void and unenforceable.

### SECOND CAUSE OF ACTION

1.    For Judgment avoiding the transfer of the Debtor's Residence to Hoffman or, alternatively, awarding monetary damages against Hoffman for the value for the Debtor's Residence;

### THIRD CAUSE OF ACTION

1.    For Judgment avoiding the transfer of the Debtor's Residence by Hoffman to H & B Properties or, alternatively, awarding monetary damages against H & B Properties for the value of the Debtor's Residence;

Plaintiff's EOR-042

## FOURTH CAUSE OF ACTION

1.    For Judgment quieting title in favor of Plaintiff and against all Defendants, and each of them;

## FIFTH CAUSE OF ACTION

1.    For Judgment ordering each Defendant asserting a claim against Plaintiff to account to Plaintiff for all amounts charged Plaintiff in connection with said claim;

## SIXTH CAUSE OF ACTION

1.    For Judgment against Defendants, and each of them, determining that none of them holds an enforceable lien against the Debtor's Residence;

## SEVENTH CAUSE OF ACTION

1.    For Judgment against Defendants, and each of them, disallowing all of said Defendants' claims against Plaintiff's bankruptcy estate;

## ALL CAUSE S OF ACTION

1.    For an award of attorneys fees

2.    For costs of suit herein; and

3.    For such other and further relief as the Court deems proper.


GOODRICH & ASSOCIATES


Jeffrey J. Goodrich
Attorneys for Cross-Complainant
Thomas Lloyd


COMPLAINT FOR DECLARATORY RELIEF, ETC.

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement ("the Agreement") is entered into by the following parties:

    1.     THOMAS R. LLOYD, his assigns, successors, representatives, agents, attorneys and employees of any of them, hereinafter referred to as "LLOYD";

    2.     H & B PROPERTIES, L.L.C., its assigns, successors, representatives, partners, members, agents, attorneys and employees of any of them, hereinafter referred to as "H & B";

    4.     J. EDWARDS COMPANY INVESTMENT GROUP, INC., its assigns, successors, representatives, shareholders, officers, directors, agents, attorneys and employees of any of them, hereinafter referred to as "J. EDWARDS"; and

    3.     JEFFREY E. HOFFMAN, his assigns, successors, representatives, agents, attorneys and employees of any of them, hereinafter referred to as "HOFFMAN".

This Agreement is entered into by the parties with reference to the following facts:

### RECITALS

A. WHEREAS, LLOYD was the owner of real property commonly known as 940 Elizabeth Street, San Francisco, California ("the Property"); and

B. WHEREAS, LLOYD came in contact with HOFFMAN at J. EDWARDS in his efforts to remedy a personal financial situation; and

C. WHEREAS, HOFFMAN is a member of H & B, which is in the business of investing in real property; and

D. WHEREAS, H & B purchased the Property from LLOYD, giving LLOYD a one-year lease ("the Lease") and an option to repurchase the Property ("the Option" and the Repurchase Agreement") within one year following the purchase by H & B; and

E. WHEREAS, LLOYD fell behind in his lease payments, and

-1-

**EXHIBIT A**



ORIGINAL

Plaintiff's EOR-044

F.  WHEREAS, H & B served on LLOYD a Three-Day Notice to Pay Rent or Quit, which was followed by the filing of an unlawful detainer complaint in San Francisco County Superior Court, identified as Case No. CUD04-610594 ("the Action"); and

G.  WHEREAS, LLOYD filed an Answer claiming, inter alia, that the sales transaction was a disguised security device and thereby unenforceable;

The parties now desire to resolve their differences on the terms and conditions set forth hereinbelow.

## AGREEMENT AND MUTUAL GENERAL RELEASE

1.a.  In consideration of the foregoing, and the promises and conditions set forth hereinbelow, LLOYD, H & B, HOFFMAN and J. EDWARDS hereby mutually release and forever discharge each other and their respective heirs, officers, directors, trustees, shareholders, members, agents, assigns, successors, servants, employees, attorneys, subsidiaries, heirs, executors and administrators of and from any and all debts, demands, actions, causes of action, judgments, liabilities, liens and claims of every kind and nature whatsoever, whether known or unknown, liquidated or contingent, arising from the Action or arising from or related to the Property, the purchase by H & B, the Lease, the Option or the Repurchase Agreement, except as set forth hereinbelow.

b.  It is understood and agreed that this is a full and final release applying to all unknown and unanticipated injuries, or other damages to the parties arising from the matters asserted in the Action, or in any way related to the Property.  LLOYD, H & B, HOFFMAN and J. EDWARDS, and each of them, expressly waive the provisions of California Civil Code Section 1542 which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exists in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

-2

Plaintiff's EOR-045

2.      The purpose of this Agreement is to resolve claims which are disputed, and to reach a compromise. Nothing contained herein shall be deemed as an admission by any party to this Agreement of any liability and/or wrongdoing of any kind, all such liability and/or wrongdoing being expressly denied.

3.      Upon execution of this Agreement by H & B, H & B shall forebear continuance of prosecution of the Action, as well as forbearance of any other forms of enforcement of H & B's rights under the Lease Agreement or Option Agreement for a period of 90 days commencing on July 12, 2004.

4.      LLOYD and H & B shall execute within one week following execution of this Agreement, a Stipulation for Entry of Judgment ("the Stipulation") in the Action. The Stipulation shall be for entry of a money judgment in the amount of $ 60,886.17, plus attorneys; fees and court costs in the amount of $3,500, as well as for immediate possession of the Property. The Stipulation shall be held by H & B, without filing for at least 90 days from the July 12, 2003, the date of the oral agreement between LLOYD, HOFFMAN and H & B ("the forbearance period"), allowing LLOYD that amount of time to dispose of or repurchase the Property. A copy of the Stipulation is attached hereto as Exhibit "A".

5.      During the 90-day forbearance period, LLOYD may do either of the following: a) find a buyer willing to complete a purchase of the Property within the 90 days; or b) repurchase the Property, himself, by paying all monies now due H & B as well as those which will come due during the 90-day forbearance period as a result of LLOYD'S status as a holdover tenant, and paying off all existing debt within the 90-day period.

6.      In the event that LLOYD does not perform either under paragraph 5(a) or 5(b), above, then, at the end of the 90-day forbearance period, H & B shall have the right to file the Stipulation with the Court and obtain a court Judgment in the Action, and may proceed with a Writ of Possession as provided by California law. Upon obtaining possession, H & B shall immediately

-3-

Plaintiff's EOR-046

list the Property for fair market value. Upon the sale of the Property, all secured debt and H & B's demand amount shall first be satisfied and all remaining monies shall be paid to LLOYD.

7.     In the event that LLOYD does perform under either 5(a) or 5(b), and the default under the lease agreement is cured, H & B shall cause to be filed a Request for Dismissal of the Unlawful Detainer action in its entirety, and the Stipulation shall be null and void.

8.     The parties acknowledge and agree that they have been represented in the negotiation and review of this Agreement by counsel of their own choosing, or have had the opportunity to do so, that they have read this Agreement or had it read to them by counsel, that they understood the Agreement and are fully aware of the contents and legal effect of the Agreement.

9.     This Agreement is freely and voluntarily entered into by each party. LLOYD, HOFFMAN, H & B and J. EDWARDS represent and warrant to each other that they have not assigned or transferred any of their rights or interest in the matters being released hereunder, and they will indemnify and hold harmless each other against any and all costs, damages or expenses, including attorneys' fees, arising from any such assignment or transfer.

10.     The parties acknowledge and agree that no promises or inducements have been made or offered to them except as set forth in this Agreement and further this Agreement is being executed by the LLOYD, H & B, HOFFMAN and J. EDWARDS without any reliance on any statement or representation by any employee or agent of the other party except as may be set forth herein.

11.     In the event it shall become necessary to consult with an attorney or to commence a suit or bring a motion in connection with the enforcement of any provision of this Agreement, or any right granted herein, the prevailing parties shall be entitled to recover from the other party attorneys' fees and costs incurred therein.

12.     This writing constitutes the entire Agreement between the parties respecting the subject matter herein, and any and all prior discussions that have taken place, negotiations and

-4-

Plaintiff's EOR-047

understandings are merged herein.  No party shall be bound by any representation, warranty, promise, statement or information, made by any party or the representatives of any party unless it is specifically set forth herein.  No modification or waiver of this Agreement is binding unless it is in writing and signed by each of the parties.

13.    This Agreement shall be binding upon and inure to the benefit of the heirs, executors, administrators, successors and assigns of the parties.

14.    This Agreement may be executed in counterparts.

IN WITNESS HEREOF the parties hereto have caused this Agreement to be duly executed.

DATED: _____          _____
                                                    Thomas Lloyd

Approved as to form:                        LAW OFFICES OF EDWARD L. BLUM, P.C.

                                        By  _____
                                                    Edward L. Blum, attorneys for Thomas Lloyd

                                                    H & B PROPERTIES
DATED: _____          By  _____
                                                    Jeffrey E. Hoffman, Member

                                                    J. EDWARDS COMPANY
                                                    INVESTMENT GROUP, INC.
DATED: _____          By  _____
                                                    Jeffrey E. Hoffman, President

DATED: _____          _____
                                                    Jeffrey E. Hoffman, Individually

Approved as to Form:                        LAW OFFICE OF JULIE B. GUSTAVSON

                                        By  _____
                                                    Julie B. Gustavson, Attorneys for H & B
                                                    Properties, J. Edwards Company Investment
                                                    Group, Inc., and Jeffrey E. Hoffman

-5

Plaintiff's EOR-048

From:                                          10/13/2004 10:15 #057 P.001/004

# J. Edwards Co.
INVESTMENT GROUP

## Fax Cover Sheet

**Date: 10/13/04**

| | | | |
|---|---|---|---|
| **To:** | Edward Blum, Esq | **From:** | Julie B. Gustavson, Esq. |
| **Company:** | LAW OFFICES OF EDWARD L. BLUM | | |
| **Address:** | 201 19th Street, Suite 200 Oakland, California 94612 | **Pages:** | 4     Including cover |
| **Fax:** | (510) 452-4406 | **Fax:** | (559) 230-0595 |
| **Phone:** | (510) 452-4400 | **Phone:** | (559) 230-0593 |
| **Re:** | Demands | **Email:** | Jbgus13@hotmail.com |

☐ Urgent     ☒ Review     ☐ Reply

## Message

Dear Edward,

Attached are the demands for GreenPoint Mortgage, Norcal Financial, Inc. and H & B Properties.   The total necessary to satisfy these demands is $812,549.20

Julie Gustavson

COPY

5132 N. Palm Ave. Ste. 103     Fresno, CA 93704-2203     tel 559.230.0595     fax 559.230.0595     www.jedwards.biz

EXHIBIT  B

Plaintiff's EOR-049



May 19, 2004

New Century Title Company
425 E. Hamilton Avenue
Campbell, California 95008

Attn: Beverly

Escrow # 42043794
Property Address: 940 Elizabeth Street
                  San Francisco, CA

Dear Beverly:

Let this letter shall serve as a Demand for H & B Properties, LLC. The total aggregate
amount thru October 15, 2004 including any applicable late fees, legal fees, insurance,
property taxes, etc of $45,543.30 is to be paid out of Escrow and a title check made out to
H & B Properties, LLC. Payment is to be shipped via Federal Express priority overnight
in c/o J. Edwards Company at 5132 N. Palm Ave., Ste. 103, Fresno, CA 93704.

If Escrow closes after October 15, 2004 please call for an updated Demand. If you have
any questions or concerns, please call Julie or Anne at 800-431-8976.

Thank you,

Julie B. Gustavson
J.Edwards Company



**NORCAL FINANCIAL**

311 W. Third St.
Carson City, NV 89703
t 775.841.2513
f 775.883.2384



October 13, 2004

New Century Title
415 E. Hamilton Avenue
Campbell, Ca 95008
Attn: Beverly

## DEMAND STATEMENT

Re:        940 Elizabeth Street, San Francisco, CA
Borrower:  H & B Properties, LLC
Escrow #:  42043794

A substitution of Trustee and full Reconveyance will be furnished when these instructions are complied with and we are paid in full with a Title Company check or with CERTIFIED FUNDS. Along with your check please include our borrowers forwarding address.

| | |
|---|---:|
| Principal | $110,000.00 |
| Interest payments | $3,300.00 |
| Reconveyance | $45.00 |
| Late Fees | $990.00 |
| Postage and Fax Fees | $75.00 |
| Recording Fee | $15.00 |
| Statement Fee | $30.00 |
| **Total:** | **$114,455.00** |

Interest is calculated on 360 days a year. All funds are to be shipped via Federal Express priority overnight to Norcal Financial, Inc., care of J. Edwards Company, 5132 North Palm Avenue, Suite 103, Fresno, CA 93704. Interest will be charged to the date funds are received. If escrow closes after October 15, 2004 please call for an updated demand.

Norcal Financial, Inc.

Plaintiff's EOR-051

October 12, 2004

PO Box 84013
Columbus GA 31908-4013
Tel. 800.784.5566

TO: J Edwards Co.
    Ph: 800-431-8976
    Fx: 559-230-0595



Loan No.: 0082248709

RE:  Loan Type: Conventional
     Mortgagor(s): Jeffrey Hoffman
                   940 Elizabeth St
                   San Francisco CA 94114

PAYOFF STATEMENT

THESE FIGURES ARE VALID TO October 22, 2004 AND SUBJECT TO FINAL
VERIFICATION BY THE NOTE HOLDER.  THIS QUOTE MAY BE ADJUSTED DUE TO
ANY CHANGES IN ESCROW DISBURSEMENTS AND/OR PAYMENTS RECEIVED.

THIS LOAN IS DUE FOR THE November 01, 2004 PAYMENT.

UNPAID PRINCIPAL BALANCE.....................$           639,999.97
INTEREST AT  4.25000%.......................$             1,564.93
RECORDING FEE..(IF APPLICABLE)..............$                21.00
FLAT/OTHER PENALTY FEE.......................$            10,880.00
MCC RECONVEYANCE FEE.........................$                45.00
FAX FEE ($10.00)/CA($30.00)NV($60.00) DEMAND $               40.00
TOTAL .......................................$           652,550.90

A LATE CHARGE OF $ 136.00 WILL BE ASSESSED AFTER THE CURRENT
PAYMENT IS PAST DUE AND SHOULD BE ADDED TO THE PAYOFF IF RECEIVED
AFTER THAT TIME.

FUNDS RECEIVED AFTER October 22, 2004 WILL REQUIRE AN ADDITIONAL
$ 74.52 INTEREST PER DAY.

XP011/

Aviso Importante Para Las Personas Habla Español
Si Usted no entiende el contenido de esta carta por favor obtenga una traducclon inmediatamente

2300 Brookstone Centre Pkwy Columbus GA 31904
Customer Service Hours: Monday - Friday, 8:30 AM - 8:00 PM, Eastern
www.greenpointservice.com

Plaintiff's EOR-052

Recorded at the request of:

Thomas R. Lloyd
940 Elizabeth Street
San Francisco, California 94114

When recorded, return to:

Thomas R. Lloyd
c/o Edward L. Blum, Esq.
201 19th Street, Suite 200
Oakland, California 94612

San Francisco Assessor-Recorder
Mabel S. Teng, Assessor-Recorder
DOC- 2004-H833761-00
Monday, OCT 18, 2004 15:10:42
Ttl Pd $13.00        Nbr-0002605693
REEL I745 IMAGE 0506
ogi/JW/1-3

## NOTICE OF RESCISSION OF GRANT DEED RECORDED
### PURSUANT TO HOME EQUITY SALES CONTRACT
#### California Civil Code § 1695.14

TO: JEFFREY E. HOFFMAN, H & B PROPERTIES, LLC, and to all persons and
entities claiming any rights of ownership, liens, mortgages or other beneficial interests in
the residential real property, located at 940 Elizabeth Street, San Francisco, California
94114, and more particularly described in Exhibit A, attached hereto.

YOU AND EACH OF YOU SHALL HEREBY TAKE NOTICE that THOMAS R.
LLOYD, as grantor under that certain Grant Deed in favor of JEFFREY E. HOFFMAN,
recorded August 25, 2003, at Reel I458 Image 0395, on behalf of himself and H & B
Properties, LLC, (as evidenced by that certain Grant Deed from JEFFREY E.
HOFFMAN, to H & B PROPERTIES, LLC, recorded August 4, 2004, Reel I695, Image
0215), does hereby rescind such Grant Deed recorded August 25, 2003 at Reel I458
Image 0395 and the unrecorded sale transaction which gave rise to such deed, on the
grounds set forth in California Civil Code §§ 1690-1695.17, et seq., including, but not
limited to, § 1695.14

DEMAND IS HEREBY MADE for transfer of title to the above-described real property
to THOMAS R. LLOYD. Failure to comply with the foregoing shall subject the
offending parties to all sanctions available under law.

Date: October 18, 2004

THOMAS R. LLOYD

# EXHIBIT G

Plaintiff's EOR-053

## Notary Acknowledgment

State of California    LKJ            )
County of Alameda                  ) ss.
~~San Francisco~~

   On October 18, 2004, before me, LESLIE K. JACKSON, Notary Public, personally appeared
THOMAS R. LLOYD, ~~personally known to me~~ (or proved to me on the basis of satisfactory
evidence) to be the person whose name is subscribed to the within instrument and acknowledged
to me that he executed the same in his authorized capacity, and that by his signature on the
instrument the person, or the entity upon behalf of which the person acted, executed the
instrument.

WITNESS my hand and official seal.

Signature _Leslie K. Jackson_              (SEAL)



All that certain real pr_____ situate in the City and County of San F_____.sco, State of California, described as follows:

Beginning at a point on the northerly line of Elizabeth Street, distant thereon 200 feet westerly from the westerly line of Hoffman Avenue; running thence westerly and along the northerly line of Elizabeth Street 25 feet; thence at a right angle northerly 114 feet; thence at a right angle easterly 25 feet; thence at a right angle southerly 114 feet to the northerly line of Elizabeth Street and the point of beginning.

Being Lot No. 205, Heyman Tract, as per Map thereof filed and recorded in Liber "E" and "F" of Maps, Pages 158 and 159, in the Office of the County Recorder of the City and County of San Francisco, State of California.

ARB No:

APN No:    Lot: 014 Blk: 2807

Exhibit A

NAME, ADDRESS, AND PHONE NUMBER
OF ATTORNEY(S)

JEFFREY J. GOODRICH
336 BON AIR CENTER SUITE 335
GREENBRAE CA 94904

ATTORNEY(S) FOR:

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

| JEFFREY E. HOFFMAN | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CGC-05-440103 |
| THOMAS R. LLOYD, an Individual EDWARD L. BLUM, an individual and DOES 1 through 20, inclusive DEFENDANT(S) | CERTIFICATE OF SERVICE BY MAIL BY ATTORNEY [C.C.P. 1013A (2)] |

**(Must be attached to original or a true copy of paper served.)**

No. _____

I, Jeffrey J. Goodrich _____ hereby certify that I am

an active member of the State Bar of California, and am not a party to the within action.

That my business address is _336 BON AIR CENTER, SUITE 335, GREENBRAE, CA_

That I served a copy of the attached _CROSS-COMPLAINT FOR (1) DECLARATORY RELIEF; (2)_
_AVOIDANCE OF FRAUDULENT CONVEYANCES AND/OR OBLIGATIONS, ETC._

at their (business/residence) address _PAUL F GOSSELIN, 160 WEST SANTA CLARA STREET,_
_14th FLOOR, SAN JOSE, CA 95113_

which envelope was then sealed and postage fully prepaid thereon, and thereafter was on _JUNE 16_

20 _005_ , deposited in the United States mail at: _336 BON AIR CENTER_
_GREENBRAE, CA 94904_

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct
and that this document was executed on _JUNE 16, 2005_ , at _SAN FRANCISCO, CA_

_JEFFREY J. GOODRICH_
(Type or Print Name)                          (Signature)

## CERTIFICATE OF SERVICE BY MAIL BY ATTORNEY [C.C.P. 1013A (2)]

F1297B

Plaintiff's EOR-056

3b6-002

Entered on Docket
December 22, 200_

GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: December 21, 2005

THOMAS E. CARLSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re                                    ) Case No: 04-32921 TEC
                                         )
THOMAS LLOYD,                            )
                                         ) Chapter 11
            Debtor.                      )
_____)
JEFFREY E. HOFFMAN,                      )
                                         ) Adv. Proc. No. 05-3328 TC
            Plaintiff,                   )
                                         )
v.                                       )
                                         ) **TRIAL SCHEDULING ORDER**
THOMAS R. LLOYD, an individual,          ) B.R. 7016
EDWARD L. BLUM, an individual, and       ) Fed. R. Civ. P. 16
DOES 1 through 20, inclusive,            )
                                         )
            Defendants.                  )
_____)
THOMAS LLOYD,                            )
                                         )
            Cross-Plaintiff,             )
                                         )
v.                                       )
                                         )
JEFFREY E. HOFFMAN, an individual        )
doing business as H & B PROPERTIES;      )
H & B PROPERTIES, LLC, a California      )
limited liability company,              )
J. EDWARDS INVESTMENT GROUP, INC.,       )
a California corporation, and            )
NORCAL FINANCIAL, INC., a Nevada         )
corporation,                             )
                                         )
            Cross-Defendants.            )
_____)

    A status conference in the above-entitled matter was held

TRIAL SCHEDULING ORDER                    -1-

Plaintiff's EOR-057

1  on December 15, 2005.  Cheri L. MacArthur appeared for Plaintiff.

2  Jeffrey J. Goodrich appeared for Defendant.  Upon due

3  consideration, the court hereby establishes the following schedule:

4      (1)  Phase I of the trial, concerning the enforcability of the

5  settlement, will commence on January 10, 2006 at 9:30 a.m., at the

6  United States Bankruptcy Court, 235 Pine Street, Twenty-Third

7  Floor, San Francisco, CA.  <u>Seven calendar days before the trial</u>

8  <u>date, counsel shall inform the courtroom deputy (Gordon Hom (415)</u>

9  <u>268-2362) whether the parties have settled and, if not, how much</u>

10 <u>time the trial will require</u>.  During the week prior to the trial

11 date the court may reschedule the trial to a later day during the

12 week of the trial date.  <u>Counsel should be prepared to go to trial</u>

13 <u>at any time during the week of the trial date</u>.

14     (2)  Seven calendar days before the scheduled trial date,

15 counsel shall: (a) serve and file trial briefs (briefs shall not

16 exceed twenty-five pages without **prior** permission of the court);

17 (b) exchange copies of all exhibits to be offered, other than those

18 to be used for impeachment or rebuttal; (c) serve and file

19 statements designating excerpts from depositions, answers to

20 interrogatories and requests for admission, other than those to be

21 used for impeachment or rebuttal; and (d) exchange a list of

22 expected witnesses, other than those to be called for impeachment

23 or rebuttal, including a brief summary of each witness' expected

24 testimony.

25     (3)  Counsel shall also:  (a) premark all exhibits **before**

26 trial (Debtor's exhibits should be marked by number, Creditor's

27 exhibits should be marked by letter); (b) bring sufficient copies

28 of exhibits for all counsel, the witness, and the court; (c) in

   any case in which the party expects to offer more than ten

**TRIAL SCHEDULING ORDER**           -2-

1 exhibits, place the exhibits in a three-ring binder with an
2 appropriate tab attached to each exhibit; (d) number the pages of
3 any exhibit that has more than one page; (e) promptly advise the
4 opposing party of any objections to the introduction of the
5 opposing party's proposed testimony or exhibits; and (f) meet
6 **before** trial to attempt to reach agreement regarding the
7 admissibility of testimony and exhibits.

8       **The court may exclude evidence, postpone trial, or impose**
9 **monetary sanctions for failure to comply with this order**.

10      IT IS SO ORDERED.

11                    **\*\*END OF ORDER\*\***

TRIAL SCHEDULING ORDER            -3-

Plaintiff's EOR-059

1

**COURT SERVICE LIST**

2

3  Thomas Lloyd
   940 Elizabeth Street
4  San Francisco, CA 94114

5  Jeffrey J. Goodrich, Esq.
   Law Offices of Goodrich and Associates
6  336 Bon Air Center, Suite 335
   Greenbrae, CA 94904
7
   Cheri L. MacArthur, Esq.
8  Stephen D. Pahl, Esq.
   Law Offices of Pahl and Gosselin
9  160 W Santa Clara Street, 14th Floor
   San Jose, CA 95113-1700
10
   Office of the United States Trustee
11 235 Pine Street
   Suite 700
12 San Francisco, CA 94104

13 Jerry R. Hauser, Esq.
   Phillips, Greenberg and Hauser
14 4 Embarcadero Center, 39th Floor
   San Francisco, CA 94111

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DOCUMENT 5**

1   Jeffrey J. Goodrich (SBN 107577)
    GOODRICH & ASSOCIATES
2   336 Bon Air Center, Suite 335
    Greenbrae, CA 94904
3   (415) 925-8630  VOICE
    (415) 925-9242  FAX
4

5   Attorneys for Defendant and Cross-
6   Complainant, Thomas Lloyd

7

8                  UNITED STATES BANKRUPTCY COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12

13                                          | CHAPTER 11
                                            |
14  In re:                                  | Case No. Case No. 04-32921-TEC
                                            |
15  THOMAS LLOYD,                           |
                                            |
16         Debtor                           |
    _____        | Adv. No. 05-03328
17  JEFFREY E. HOFFMAN,                     |
                                            |
18         Plaintiff,                       | DECLARATION OF THOMAS LLOYD IN
                                            | SUPPORT OF MOTION FOR SUMMARY
19  v.                                      | JUDGMENT
                                            |
20  THOMAS R. LLOYD, an individual,         | DATE: February 17, 2006
    EDWARD L. BLUM, an individual, and DOES | TIME:  9:30 a.m.
21  1 through 20, inclusive,                | COURT: 23rd Floor, 235 Pine Street, S.F.
                                            |
22         Defendants                       |
    _____        |
23  AND RELATED CROSS-ACTION,               |
                                            |
24                                          |
                                            |
25         Cross-Defendants                 |
    _____        |
26

27

28

DECLARATION OF THOMAS LLOYD IN
SUPPORT OF MOTION FOR SUMMARY
JUDGMENT

                            1

Plaintiff's EOR-061

I, Thomas Lloyd, declare:

1.    I am the defendant and cross-plaintiff in the within Adversary Proceeding and have personal knowledge of the facts set forth in this declaration, except as to matters stated on information and belief, and as to those matters I believe my information to be true. If called to testify, I can and would competently testify thereto.

2.    In May 2003, I was the sole record owner of a fee simple interest in real property located at 940 Elizabeth Street, San Francisco, California. The property was my home, a two unit family dwelling in which I had occupied one unit for many years. At that time I was having difficulty paying my mortgage payments, and the property was in foreclosure. Prior to the date I signed the agreements described in paragraph 3, below, two notices of default had been recorded against the property and those foreclosure actions were continuing at the time I signed said agreements.

3.    Attached hereto as Exhibit "A" and made a part hereof is a true and correct copy of a Purchase Agreement I signed dated May 28, 2003 (hereinafter "Purchase Agreement"). Attached hereto as Exhibit "B" and made a part hereof is a true and correct copy of a Lease I signed dated May 28, 2003 (hereinafter "Lease"). Attached hereto as Exhibit "C" and made a part hereof is a true and correct copy of an Option Agreement I signed dated May 28, 2003 (hereinafter "Option"). I signed all three documents on the same date. These were the only documents I signed in connection with the transaction with Mr. Hoffman, other than various closing documents I signed later at the title company.

4.    Under the transaction with Mr. Hoffman, I understood I was transferring title to my home but that I would continue to reside there until I had the opportunity to buy back the home. That is why I signed the Lease and the Option at the same time as I signed the Purchase Agreement. At that time, I was expecting to sell quickly my 50% interest in an apartment building located on Guererro Street in San Francisco and use the money to buy back my home.

5.    Contrary to the terms of the Purchase Agreement, Mr. Hoffman did not pay me $900,000 for my home. To the best of my recollection, I received no more than $20,000 from the escrow. I believe Mr. Hoffman also paid a total of less than $600,000 to all of the creditors who had

DECLARATION OF THOMAS LLOYD IN
SUPPORT OF MOTION FOR SUMMARY
JUDGMENT

2

Plaintiff's EOR-062

1  liens against my home at the time I transferred title to Mr. Hoffman. Based upon my review of the

2  closing escrow statement attached as Exhibit "B" to Mr. Hoffman's Proof of Claim filed in my

3  Chapter 11 case, Mr. Hoffman paid no more than $635,000, including escrow and title costs, to

4  obtain title to my home. At the time he acquired title, I believe my home was worth at least

5  $900,000.

6      6.    I understood that the price to repurchase my home under the Option would be the sum

7  of: 1) the amount of my debt that Mr. Hoffman was paying off at the time of his "purchase"; 2) all

8  costs incurred in the transaction; and 3) any rent I owed under the Lease. At the time I signed the

9  documents described in paragraph 3, above, I estimated that sum would be less than $650,000.

10 Based upon the Lease, which had a two year term, I believed I had up to two years to buy back my

11 home. But when the other owners of the Guererro property would not agree on the terms of a sale, I

12 was unable to pay Mr. Hoffman any rent. In June 2004, he filed an eviction action. I hired an

13 attorney, Ed Blum, to defend me. Trial was set for July 19, 2004.

14     7.    On or about July 12, 2004, I traveled to Fresno, California to meet with Mr. Hoffman.

15 I was afraid I was going to lose the unlawful detainer trial and my home. At that time, I knew

16 nothing about any rights I had under Civil Code §1695. I did not know that I had a right to cancel

17 the Purchase Agreement even though I had already transferred title to Mr. Hoffman. I did not know

18 that I had a right, independent of my right in the Option, to require Mr. Hoffman to transfer the title

19 back to me. I did not know I had a right to require Mr. Hoffman to pay my attorneys fees in the

20 event I was forced to bring suit to enforce my rights.

21     8.    Rather, I assumed that because I had transferred title to Mr. Hoffman and I did not

22 have the amount of unpaid rent that the Lease and Option required me to pay, there was no way I

23 could recover my home unless Mr. Hoffman agreed. So I met with Mr. Hoffman to try and settle

24 with him on terms that would allow me an opportunity to buy back my home. The settlement we

25 reached was thereafter memorialized in a Settlement and Mutual Release Agreement, a true and

26 correct copy of which is attached hereto as Exhibit "D" and made a part hereof.

27     9.    I signed Exhibit D on August 3, 2004, after it was signed by all the other parties. At

28 the time I signed Exhibit D, I knew nothing about any rights I had under Civil Code §1695. I did not

DECLARATION OF THOMAS LLOYD IN
SUPPORT OF MOTION FOR SUMMARY
JUDGMENT

3

1    know that I had a right to cancel the Purchase Agreement even though I had already transferred title

2    to Mr. Hoffman.  I did not know that I had a right, independent of my right in the Option, to require

3    Mr. Hoffman to transfer the title back to me.  I did not know I had a right to require Mr. Hoffman to

4    pay my attorneys fees in the event I was forced to bring suit to enforce my rights.

5         10.     After execution of the Settlement Agreement, I attempted to perform my obligations

6    under the agreement by listing the property for sale with a broker and, alternatively, finding a buyer

7    myself.  When I attempted to list the property for sale, I was told I needed to obtain the consent of

8    Mr. Hoffman because he was the only person on title.  I called Mr. Hoffman to ask him to list the

9    property.  He did not return my call for some time, and when he did he told me he had a buyer and

10   could save me a commission if I sold it to his buyer.  By then, I had two potential buyers who would

11   not require the payment of a commission, but I needed him to tell me how much I would need to pay

12   him to buy back my home.  He told me he would get back to me with that information, but he never

13   did.  I called him several times after that, but he never returned my calls.

14        11.     With time running out, in September 2004, I asked my attorney, Edward Blum, to

15   help me communicate with Mr. Hoffman.  I believe Mr. Hoffman did not respond to any inquiries

16   from Mr. Blum until October 13, 2004, when his attorney, Julie Gustavson, faxed to him a secured

17   debt payoff demand totaling $812,549.20.  The demand included a demand of $114,455 by Norcal

18   Financial.

19        12.     At no time have I ever borrowed any money from Norcal Financial secured by my

20   home and I never agreed that Mr. Hoffman could encumber title to my home in favor of any lender

21   other than Greenpoint Mortgage.

     I declare under penalty of perjury that the foregoing is true and correct and that this

23   declaration was executed this 20th day of January, 2006.

25                                        ___/S/_____

26                                        Thomas Lloyd

DECLARATION OF THOMAS LLOYD IN
SUPPORT OF MOTION FOR SUMMARY
JUDGMENT

4

Plaintiff's EOR-064




## PRDS® REAL ESTATE PURCHASE CONTRACT

(THIS IS INTENDED TO BE A LEGALLY BINDING CONTRACT. READ IT CAREFULLY.)

The undersigned _____ JE Hoffman _____ ("Buyer") hereby offers to purchase, for the sum

of $ 900,000.00 , the real property located at _____ 940 Elizabeth St _____ ,

City of _____ San Francisco _____, County of _____ San Francisco _____, California, ("Property") on the terms contained

in this Real Estate Purchase Contract ("Contract"), dated _____ 05/28/2003 _____ (for reference purposes only):

1. **FINANCING TERMS:**

    A. $ 0.00  **DEPOSIT,** by personal check, shall be held uncashed until mutual execution ("Acceptance") of this Contract, then deposited in Escrow Holder's account (see Para. 15.A.) [or ☐ Broker's Trust account] on or before _____

    B. $ 0.00  **ADDITIONAL DEPOSIT,** by personal check, shall be deposited in Escrow Holder's account (see Para. 15.A.) [or ☐ Broker's Trust account] on or before _____ . If Liquidated Damages (Para. 5) is initialed, Seller and Buyer shall sign a Receipt for Increased Deposit (RID-11) upon deposit increase.

    C. $ 250,000.00  **BALANCE OF DOWN PAYMENT** shall be deposited in Escrow in time to close escrow. Buyer's ability to obtain the down payment is not a contingency of this Contract.

    D. $ 650,000.00  **LOAN:** This Contract ☒ is ☐ is not contingent upon Buyer's obtaining a loan secured by a First Deed of Trust payable to Lender at approximately $ 3,595.00 per month to include: ☒ principal and interest ☐ interest only at not more than 5 1/8 % ☒ fixed ☐ adjustable per annum for no fewer than 30 years with a lifetime maximum rate of N/A % and an origination fee not to exceed 2 % of this loan. If this Contract is contingent upon Buyer's obtaining a loan, Buyer shall, within 5 or ☐ _____ days of Acceptance, provide Lender's written confirmation that Buyer has submitted a completed loan application, or this Contract may be cancelled at Seller's option.

    E. $ 0.00  **SELLER OR ADDITIONAL FINANCING:** See attached PRDS® Seller and Other Financing Addendum.

    F. $ 900,000.00  **TOTAL PURCHASE PRICE** ("Purchase Price"), not including closing costs.

2. **SOURCE OF FUNDS:** Buyer represents that the funds required for the initial deposit, additional deposit, cash balance, and closing costs are readily available. Obtaining these funds is not a contingency of this Contract.

3. **INTENT TO OCCUPY:** Buyer ☒ does ☐ does not intend to occupy the Property as Buyer's residence.

4. **FIXTURES AND PERSONAL PROPERTY:** ALL EXISTING fixtures and fittings that are attached to the Property are (if owned by Seller and unless excluded below) INCLUDED IN THE PURCHASE PRICE and shall be transferred free of liens. These shall be deemed to include, but are not limited to, the following: existing electrical, lighting, plumbing and heating fixtures, fireplace inserts and attached fireplace equipment, solar systems, built-in appliances, screens, awnings, shutters, window coverings, attached floor coverings, television antennas, satellite dishes and related equipment, private integrated telephone systems, air coolers/conditioners, pool/spa equipment, water softeners, security systems/alarms, keys to all exterior locks, garage door openers/remote controls, mailbox, and in-ground landscaping.

    A. **ITEMS EXCLUDED:** _____

    B. **ITEMS INCLUDED:** The following items of personal property, free of liens and without warranty of condition (unless so provided in Para.12):
    _____

5. **LIQUIDATED DAMAGES:** By placing their initials here, Buyer ( _____ / _____ ) and Seller ( _____ / _____ ) agree that, in the event failure to complete this purchase is due to Buyer's breach of the Contract and not by reason of a default by Seller, (a) Seller is released from the obligation to sell to Buyer, (b) Seller shall retain Buyer's deposit paid as Seller's only recourse, and (c) if the Property contains one to four units, one of which Buyer intends to occupy, then any deposit retained by Seller shall not exceed 3% of the Purchase Price, with any excess promptly returned to Buyer.

6. **MEDIATION OF DISPUTES:** Buyer and Seller (collectively "Parties") agree to mediate any dispute between them arising out of this transaction prior to any court action or arbitration. Mediation is a non-binding process in which Parties to a dispute meet with a neutral mediator (selected by the Parties) who will try to work out a mutually acceptable resolution. The mediator does not impose a settlement on the Parties. If the Parties cannot agree on a mediator, the Superior Court shall appoint a mediator. The mediator may conduct more than one session and mediation fees shall be paid equally by participating Parties. Matters excluded from arbitration (Para. 7) are also excluded from mediation. A buyer or seller who refuses or resists mediation shall not be entitled to recover prevailing party attorneys' fees (Para. 17.C.).

7. **ARBITRATION OF DISPUTES:**

    A. **Explanation:** Arbitration is a private dispute resolution process in which Parties (by themselves or through their attorneys) submit disputes to a neutral arbitrator who is charged with rendering a fair and impartial decision as to all issues presented. When arbitration is selected, the Parties give up their rights to trial by judge or jury and to full and formal court process. Basic discovery rights (e.g., depositions, document production) are provided for under California law. Rules of evidence and procedure are less rigid than in trial court. Arbitration fees are typically on an hourly basis. The decision of the arbitrator is final and binding on all Parties to the arbitration agreement (Para. 7.B.). The arbitrator can award compensatory damages, punitive damages, attorneys' fees, specific performance, injunctive

Buyer's Initials ( _____ ) ( _____ )                    Seller's Initials ( _____ ) ( _____ )

Plaintiff's EOR-065

Subject Property Address: 940 Elizabeth St San Francisco CA 94114 _____    Date: 05/28/2003

relief and declaratory relief. No trial or other court process is available to re-try the case or to appeal the merits of the arbitrator's ruling. This means that even when a party claims the arbitrator made a clearly wrong decision, based on a misunderstanding of fact or of law or an unwillingness to follow the law, that decision nevertheless remains final and unappealable. Only in cases of actual fraud in the arbitration process, corruption, bias, lack of due process or jurisdiction, or arbitrator's computation error, can an award be vacated or modified. The Parties are advised to confer with legal counsel for advice before committing to binding arbitration.

B. **Arbitration Process. Election to Arbitrate:** Any dispute arising out of this transaction shall be decided by neutral binding arbitration (in accordance with Chapter 3, Title 9 of the California Code of Civil Procedure (CCP §1283.05) including, but not limited to, the right of discovery), and not by court action, except as provided by California law for judicial review of arbitration proceedings. The arbitrator shall be a retired Superior Court judge or a licensed California attorney with at least 5 years real estate experience. If the Parties cannot agree on an arbitrator, the Superior Court shall appoint the arbitrator. The filing of an action in a court of competent jurisdiction to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies shall not constitute a waiver of the right to mediation or arbitration under this Contract, regardless of whether the said complaint includes causes of action not necessary to the recordation of the notice of pending action. The Parties agree that, in the event of such court filing, it would be appropriate for the court to issue an order staying proceedings therein, pending the completion of mediation or arbitration under this Contract. The filing of such judicial action shall not constitute a waiver of mediation or arbitration rights or the prevailing party's right to receive attorney's fees and costs. The losing party shall pay the arbitrator's fees. Exclusions from arbitration: unlawful detainer, foreclosure-related actions, matters within Small Claims Court jurisdiction and matters to which CCP §§337.1 or 337.15 apply. By electing arbitration, Buyer and Seller also agree to submit to mediation and binding arbitration such claims as they intend to make against the brokers or agents related to or arising out of this transaction, so long as, within 10 days after receipt of such claims, the brokers and agents responding thereto shall have committed to participation in such mediation and arbitration. An election by brokers or agents to mediate or arbitrate as provided herein shall not be deemed to make them Parties to this Contract.

**"NOTICE: BY INITIALING IN THE SPACE BELOW, YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW, YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS SUCH RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."**

**"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THIS 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."**

Buyer's Initials (_____) (_____)                    Seller's Initials (_____) (_____)

8.  **REAL ESTATE TRANSFER DISCLOSURE STATEMENT ("TDS"), LEAD BASED-PAINT HAZARD DISCLOSURE ("Lead Disclosure"), PRDS\* SUPPLEMENTAL SELLER CHECKLIST DISCLOSURE ("SSC"); NATURAL HAZARD DISCLOSURE STATEMENT ("NHDS"):** Unless the transaction is exempt by law, Seller, Listing Agent (if any) and Selling Agent (if any, and if such signature is required by law) shall duly complete a TDS, a Lead Disclosure and an NHDS, and Seller shall duly complete an SSC. Buyer has, prior to Acceptance, received, read and acknowledged in writing Buyer's receipt of the following: ☒ TDS, ☒ Lead Disclosure, ☒ SSC and ☒ NHDS; and/or Seller shall, within 5 or ☐ _____ days of Acceptance, deliver to Buyer the following: ☐ TDS, ☐ Lead Disclosure, ☐ SSC and ☐ NHDS. If the TDS, Lead Disclosure and/or NHDS are delivered to Buyer after Acceptance, Buyer shall have the right to terminate the Contract by giving written notice to Seller within 3 days after such delivery (if delivery has been made in person) or 5 days after such delivery (if delivery has been made by mail). Lead Disclosures sent by mail must be sent certified mail or registered mail, with return receipt requested. Unless Buyer elects to terminate the Contract based thereon, Buyer shall sign and return the TDS, Lead Disclosure, NHDS and SSC to Seller within 5 or ☐ _____ days after delivery thereof to Buyer. If Buyer fails to sign and return the foregoing disclosure documents within the times required, Seller shall have the right to terminate the Contract. ALTERATIONS: Seller is obligated to disclose any property additions or alterations made by or known to Seller and whether permits and final approvals have been obtained. Where Buyer has been given timely and sufficient notice that improvements on the Property have been made without necessary permits or approvals, Buyer shall assume all risk, liability and expense for bringing such improvements into legal compliance.

9.  **PROPERTY DISCLOSURES:** Seller shall pay for and provide to Buyer the following: Earthquake Safety and Environmental Hazard (including lead) booklet, Natural Hazards Disclosure report, Mello-Roos disclosure, environmental disclosure report (limited to filed governmental reports), smoke detector and water heater compliance statements, FIRPTA and California non-resident withholding disclosures, and_____

10. **PROPERTY CONDITION. LEAD DISCLOSURE, INSURANCE CONTINGENCIES:** Unless said contingencies are otherwise waived, this Contract is contingent upon Buyer's approval of the condition of the Property and of other factors, including, but not limited to, Lead Inspection (if legally required), that may affect its value and desirability, and on Buyer's ability to obtain property insurance. (Even where not legally required, Buyer shall have the right to make this Contract contingent on Lead Inspection by so designating in Para. 16.B.) If Buyer finds any conditions that are unacceptable to Buyer, then Buyer shall be entitled to cancel this Contract. Buyer has a duty to inspect the Property thoroughly for its present or planned use and shall have the right to hire, at Buyer's expense, qualified professionals to conduct such inspections. Buyer's failure to exercise this right of inspection is against the advice of the real estate licensees and Buyer acknowledges that the consequences of such failure are at Buyer's own peril. Seller shall make the Property reasonably available for such inspections. No inspections may be made by any building department inspector or government employee without the prior written consent of Seller. Upon receipt, Buyer shall furnish to Seller, at no cost, copies of all reports. Buyer shall repair all damage to the Property arising out of Buyer's inspections and shall keep the Property free of liens and indemnify Seller from and against any liability, claim or damage arising out of the inspections.

Buyer's Initials (_____) (_____)                    Seller's Initials (_____) (_____)

Copyright© 2000 Advanced Real Estate Solutions, Inc.          Page 2 of 6          Form RDS    Revised 10/20/00

**2**

Plaintiff's EOR-066

Subject Property Address: <u>940 Elizabeth St San Francisco CA 94114</u>          Date: <u>05/28/2003</u>

11. **STRUCTURAL PEST CONTROL ("SPC") CERTIFICATION:**

   A. ☐ *Buyer* ☐ *Seller* shall, within 10 or ☐ _____ days of Acceptance, provide, at ☐ *Buyer's* ☐ *Seller's* expense, a current inspection report ("Report") by a licensed SPC operator of the main building and ☐ decks *(attached or otherwise)*, ☐ detached garage(s)/carport(s) and ☐ *the following other structures* on the Property: _____

   B. Seller shall pay for Section 1 work as described in the Report and shall, prior to Close of Escrow (defined in Para. 19.A.), provide a certification from a licensed SPC operator that the Property is free from active infestation or infection as described in the Report, which certification complies with the SPC Board requirements. Seller shall not be responsible for Section 1 items that are the responsibility of the Homeowner's Association pursuant to Covenants, Conditions and Restrictions ("CC&Rs") and/or rules and regulations (see Common Interest Development documentation) or (2) Section 1 items as may be otherwise required elsewhere in this Contract.

   C. If inspection of inaccessible areas is recommended in the Report, Buyer shall have the right to such inspections if requested within 5 or ☐ _____ days from receipt of the Report. Buyer's failure to request additional inspections shall constitute a waiver of this right. If additional inspections reveal no further Section 1 findings, the supplemental report and entry and closure costs shall be paid by Buyer.

   D. If Seller's personal property renders any areas inaccessible, then Seller shall make such areas accessible and shall pay for any recommended supplemental repairs and for additional Section 1 repairs, if any.

   E. If fumigation is required, Seller shall comply with fumigation guidelines, including those relating to landscape preservation. Buyer acknowledges that there may be damage caused to landscaping due to tenting of the house and Buyer agrees to take Property subject to any such damage. Upon completion of fumigation, Seller shall ensure that all utilities and services (e.g., electric, gas and water) on the Property are fully restored and rendered operational.

12. **SELLER'S REPAIR/MAINTENANCE OBLIGATIONS:** Seller's repair obligations pursuant to this Para. 12 are limited to deficiencies known or discovered before Close of Escrow. Unless otherwise agreed, Seller shall not be required to repair or replace items not covered by this Paragraph. TDS and other disclosures do not eliminate Seller's repair obligations unless otherwise in writing. Seller shall deliver the Property at Close of Escrow as follows: A: (1) Roof/skylights (not including gutters) shall be water-tight; (2) Built-in appliances, plumbing, heating, air conditioning, electrical, solar, security/alarm, water, sprinkler, sewer, and pool/spa systems, if any, shall be operative ("operative" shall not necessarily mean in compliance with building code); plumbing systems, shower pans, and shower enclosures shall be free of leaks; (4) Structural defects in chimneys and fireplaces, excluding dampers, shall be repaired by Seller; (5) All broken or cracked glass (not including seal-failure of thermopane windows/skylights) shall be replaced. B: (1) The remainder of the Property shall be maintained in the same general condition as of Acceptance; (2) Debris and personal property not included in the sale shall be removed by Seller prior to Close of Escrow. C: RISK OF LOSS: If the land or improvements are materially damaged prior to Close of Escrow, Buyer shall have the right to terminate this Contract, recover the full deposit and obtain from Seller reimbursement for inspection and financing fees incurred. If Buyer elects to complete the purchase, Buyer shall be entitled to an assignment from Seller of all insurance proceeds covering the loss.

13. **REPAIRS/WALK-THROUGH INSPECTION:** All repairs shall be made prior to Close of Escrow by a licensed contractor, using materials of comparable quality, done in a workmanlike manner and in compliance with all applicable building codes and permit requirements. Buyer shall be entitled to a "walk-through" inspection of the Property prior to Close of Escrow, not as a contingency of sale, but solely to confirm that all repairs have been completed and that the Property, including landscaping, is in the same general condition as of the date of Acceptance.

14. **HOME PROTECTION PLAN:** A home protection plan shall be ordered by ☒ *Buyer* ☐ *Seller or* ☐ *is waived.* Such plan shall be at a cost not to exceed $ <u>525.00</u>          and shall be paid for by ☐ *Buyer* ☒ *Seller* ☐ *Buyer (50%) / Seller (50%).* Options shall be selected by persons ordering the plan, or ☐ *options shall include:* _____

15. **CONDITIONS RELATING TO TITLE:**

   A. TITLE: ☐ *Buyer* ☒ *Seller* shall pay escrow fees and the cost of an ALTA homeowners or CLTA homeowners policy of title insurance issued by or through <u>New Century Title</u>                ("Escrow Holder"). If a lender's policy is required, Buyer shall pay its cost. Title shall be clear and marketable, subject only to assumed liens, CC&Rs and easements of record, and current taxes. This Contract is contingent upon Buyer's approval of a current preliminary report and CC&Rs (if any). (A preliminary report is only an offer of title insurance coverage and may not identify every exception affecting title.)

   B. PUBLIC IMPROVEMENT BONDS & ASSESSMENTS: Such bonds and assessments of special assessment districts (including Mello-Roos bonds) that are now a lien shall be paid current by Seller at Close of Escrow. Payments not yet due shall be assumed by Buyer.

   C. PROPERTY TAXES: The Property shall be reassessed upon change of ownership. Upon Buyer's request, Seller shall provide a current tax bill. Supplemental taxes shall be paid as follows: (1) for periods after Close of Escrow, by Buyer, and (2) for periods prior to Close of Escrow, by Seller.

16. **CONTINGENCY REMOVAL: FAILURE TO REMOVE ALL CONTINGENCIES IN WRITING WITHIN THE TIME PERIODS SPECIFIED BELOW SHALL MAKE THIS CONTRACT SUBJECT TO CANCELLATION, AT SELLER'S OPTION. IF THE TIME PERIOD SPECIFIED IS "0" DAYS, THEN THE CONTINGENCY IS DEEMED WAIVED.**

   A. FINANCING CONTINGENCY: If financing is a contingency (Paragraphs 1.D. and/or 1.E.), such contingency shall be removed on or before <u>N/A</u> days from Acceptance. Buyer agrees to verify all loan terms directly with Lender prior to removing contingency.

   B. LEAD INSPECTION CONTINGENCY: If a Lead Disclosure is legally required, Buyer's Lead Inspection contingency shall be removed within 10 or ☐ _____ days of Acceptance. *If a required Lead Disclosure is not delivered to Buyer until after Acceptance, the time within which Buyer may exercise termination rights shall not be less than 3 days from personal delivery thereof (5 days for delivery by mail).*

   C. The following contingencies shall be removed on or before <u>0</u> days from Acceptance, unless extended by Para. 16.E.

   1) Property Disclosures (Para. 9)          4) _____

   2) Property Condition & Insurance (Para. 10)          5) _____

   3) Title Documents (Para. 15.A.)          6) _____

Buyer's Initials (_____) (_____)          Seller's Initials (_____) (_____)

Copyright © 2000 Advanced Real Estate Solutions, Inc.          Page 5 of 6          Form RDS   Revised 10/20/00

**3**

Plaintiff's EOR-067

Subject Property Address: <u>940 Elizabeth St San Francisco CA 94114</u>                    Date: <u>05/28/2003</u>

D. Documents to be provided by Seller necessary to remove Buyer's contingencies in Paragraphs 16.A., 16.B., and/or 16.C. shall be delivered to Buyer within 5 or _____ days of Acceptance.

E. If Buyer requests that Seller make repairs or corrections not otherwise required by this Contract, then Buyer shall, within the respective time frames in Para. 16.C., deliver to Seller written notice of such items and Seller shall have 5 or ☐ _____ days from receipt of such notice within which to respond in writing. If Seller agrees in writing to Buyer's requests, Buyer shall thereupon remove the Property Condition contingency. If Seller's response indicates that Seller is unwilling or unable to repair or correct such items, or if Seller does not respond within the time frame in this Para. 16, Buyer shall have 3 or ☐ _____ days (after receipt of Seller's response, or after the expiration of the time for Seller to respond, whichever occurs first) to remove these contingencies or cancel this Contract. If Buyer does not give such written notice of cancellation or fails to remove the contingency within the time frame in this Para. 16, Seller shall have the right to cancel this Contract by giving written notice of such cancellation to Buyer.

F. If Buyer properly exercises a right of cancellation under this Contract, Buyer shall be entitled to a refund of Buyer's deposit, less any non-reimbursable fees and costs, and the Parties agree to sign mutual escrow instructions to this effect.

17. LEGAL NATURE OF AGREEMENT:

A. ENTIRE AGREEMENT: This Contract is intended by the Parties to be the full and final expression of their agreement. It shall not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. The captions in this Contract are for reference only. This Contract may not be amended, modified, altered or changed in any respect whatsoever except by a further agreement in writing executed by Buyer and Seller. Unless otherwise agreed or required by Escrow Holder, all documents transmitted by facsimile shall be regarded as valid substitutes for original documents. Buyer and Seller understand that real estate licensees are not Parties to this Contract and are not responsible or liable for any inability or failure by Buyer or Seller to perform fully the terms hereof.

B. BINDING AGREEMENT; ASSIGNMENT: This Contract is binding upon the heirs, executors, administrators, successors and assigns of Buyer and Seller and shall survive Close of Escrow. Buyer may not assign any rights hereunder without the prior written consent of Seller. Seller assigns to Buyer all of Seller's rights of action against providers of materials or services relating to the Property.

C. ATTORNEYS' FEES: In event of any legal action, arbitration, or other proceeding between Buyer and Seller arising out of this Contract, the prevailing Buyer or Seller shall be awarded reasonable attorneys' fees and court or arbitration costs in addition to any other judgment or award.

D. DISSEMINATION OF INFORMATION: Both Parties authorize brokers to disseminate information concerning sales price, terms, and financing of this transaction after recordation.

E. LEGAL, TAX AND OTHER ADVICE: Buyer and Seller understand that real estate licensees are providing real estate advice only in this transaction. If the Parties desire legal, tax or other advice, they must consult an attorney, accountant, or other appropriate professional.

F. GOVERNING LAW: This Agreement and all other instruments referred to herein shall be governed by, and shall be construed according to, the laws of the state of California. For the purpose of all disputes arising out of or under this Agreement, the Parties agree that the venue for any judicial or arbitration proceedings shall rest in the county in which the Property is located.

18. DEFAULT AND REMEDIES:

A. BUYER'S DEFAULT: Should escrow not close due to a default by Buyer, Seller's entitlement to damages shall be limited pursuant to Para. 5 (if such provision has been initialed by both Parties). If such provision is not initialed by both Parties, Buyer may be liable to Seller for additional damages including, but not limited to, consequential damages (e.g., PITI, etc.). In either case, the defaulting Buyer may be liable for payment of the brokerage fee.

B. SELLER'S DEFAULT: Should escrow not close due to a default by Seller, or if Seller does not otherwise perform under this Contract, Seller may be liable for Buyer's damages including, but not limited to consequential damages (e.g., temporary housing arrangements, storage costs, etc.) and for payment of the brokerage fee.

C. OTHER NON-PERFORMANCE: If either Buyer or Seller fails to perform pursuant to this Contract, the defaulting party may be liable for the other party's damages (e.g., consequential damages, including but not limited to, "PITI", etc.). .

19. ESCROW CONDITIONS AND INSTRUCTIONS:

A. CLOSE OF ESCROW: Recordation of the transfer of title ("Close of Escrow") and delivery of keys shall occur on <u>06/30/2003</u> _____ (Date). Possession shall be no later than 5 PM or ☒ 12: AM/PM on the same date or

☐ _____ (possession date), subject to provisions of an executed residential lease after sale agreement (or equivalent). If Seller retains possession after Close of Escrow, a minimum of one set of keys shall be given to Buyer at Close of Escrow.

B. PRORATIONS AND TRANSFER TAX: Property taxes for the fiscal year, interest on any loan assumed by Buyer, Homeowners Association dues, rents, and premiums on insurance assumed by Buyer shall be prorated as of the Close of Escrow. Seller shall pay the cost of county real property transfer tax. ☒☒☒☒☒☒☒ Seller shall☒☒☒☒☒☒☒☒ pay the cost of any city transfer tax and transfer fee.

C. ESCROW INSTRUCTIONS: This Para. 19 and Para. 27, together with any additional escrow instructions, shall constitute joint escrow instructions to Escrow Holder. The Parties shall execute such additional escrow instructions requested by Escrow Holder that are not inconsistent with the provisions of this Contract. In the event of any alleged failure of performance of either Buyer or Seller, nothing in this Paragraph 19 shall impose any duty on Escrow Holder to concern itself with other provisions of this Contract or to make any determination as to the ownership of, or interest in, any funds deposited. Funds placed in the Escrow/Trust account will not be released unless agreed to in writing by both Parties or pursuant to court or arbitrator's order.

Buyer's Initials (       ) (       )                                                                   Seller's Initials (       ) (       )

Copyright 2000 Advanced Real Estate Solutions, Inc.            Page 4 of 6                          Form RDS    Revised 10/20/00

**4**

Plaintiff's EOR-068

Subject Property Address: <u>940 Elizabeth St San Francisco CA 94114</u>        Date: <u>05/28/2003</u>

20. ADDITIONAL CONTRACT DOCUMENTS: The PRDS® Advisory Disclosure (Page 6), along with the following addenda, if checked below and submitted herewith, are made part of this Contract.

☐ A. PRDS® Seller and Other Financing Addendum          ☐ E. Sale of Property Contingency
☐ B. PRDS® Common Interest Development Addendum        ☒ F. "AS-IS" Addendum
☐ C. Interim Occupancy Agreement (Buyer in possession)    ☐ G. Other: _____
☐ D. Residential Lease After Sale (Seller in possession)    ☐ H. Other: _____

21. OTHER TERMS AND CONDITIONS:
   1) Seller shall pay all cost/fees associated with this transaction.

22. AGENCY DISCLOSURE AND CONFIRMATION: BUYER AND SELLER ACKNOWLEDGE THEIR PRIOR RECEIPT OF AGENCY DISCLOSURE FORMS. AGENCY CONFIRMATION: The following agency relationships are hereby confirmed for this transaction:

Listing Agent: <u>N/A</u> (Print Company Name) is the agent of (check one): ☐ *Seller exclusively;* or ☐ *both Buyer and Seller*

Selling Agent: <u>Asher Robertson</u> (Print Company Name) (if not the same as the Listing Agent) is the agent of (check one): ☒ *Buyer exclusively;* or ☐ *Seller exclusively;* or ☐ *both Buyer and Seller*

23. TIME: TIME IS OF THE ESSENCE IN THIS CONTRACT. Extensions, if any, must be agreed to in writing by both Parties.

24. EQUAL HOUSING OPPORTUNITY: The Property is sold in compliance with federal, state, and local anti-discrimination laws.

25. BUYER'S DUTY OF CARE: Buyer has, and acknowledges, a duty to exercise reasonable care to protect himself or herself, including those facts that are known to or within the diligent attention or observation of a buyer or prospective buyer.

26. OFFER: This is an offer to purchase the Property. Unless this offer is accepted by Seller and a signed copy personally received by Buyer or by _____, who is authorized to receive it, by _____ at _____ AM/PM, this offer shall be deemed revoked and the deposit shall be returned. Buyer has read and acknowledges receipt of a copy of this offer. This Contract may be signed in counterparts.

Date: _____ Time: _____ Buyer: JE Hoffman _____ Signature: _____
                                            (Print Name)
Date: _____ Time: _____ Buyer: _____ Signature: _____
                                            (Print Name)
Date: _____ Selling Office: _____ by: _____
Address: _____
TEL: _____ FAX: _____ Email: _____

27. BROKERAGE FEE: Seller agrees to pay Listing Agent a brokerage fee pursuant to the listing or commission agreement. Listing Agent hereby assigns to Selling Agent _____ % of the sales price (or the amount of $ _____) from said brokerage fee and instructs Escrow Holder to disburse said amount to Selling Agent. From the proceeds of the sale herein, Seller irrevocably assigns to Listing Agent the entirety of the brokerage fees provided in this transaction, and irrevocably instructs Escrow Holder to disburse said fees to the respective Agents at the Close of Escrow.

28. COUNTER OFFER: When Seller's initials are placed here (_____/_____). Seller's acceptance is made conditional upon Buyer's written acceptance of the attached Counter Offer.

29. ACCEPTANCE: Seller accepts the foregoing offer and agrees to sell the Property to Buyer based on and subject to the terms and conditions set forth and referenced herein. Seller acknowledges receipt of a copy hereof and authorizes Broker to deliver a signed copy to Buyer. All paragraphs with spaces provided for initials by Buyer and Seller are incorporated herein only if the spaces are initialed by both Parties. If one party initials and the other party does not, no contract is formed between the Parties unless and until a counter offer resolving the inconsistency is executed by both Parties.

Date: _____ Time: _____ Seller: Thomas R. Lloyd _____ Signature: _____
                                            (Print Name)
Date: _____ Time: _____ Seller: _____ Signature: _____
                                            (Print Name)
Date: _____ Listing Office: _____ by: _____
Address: _____
TEL: _____ FAX: _____ Email: _____

ESCROW RECEIPT: Escrow agent acknowledges receipt of this page as additional escrow instructions.

Date: _____ Escrow Company: _____
By: _____ Title: _____

Advanced Real Estate Solutions, Inc. makes no representations as to the legal validity or adequacy of any provision of this form or any deletions, addition, or modifications thereof, use of in any in a particular transaction.

OFFICE USE ONLY

Reviewed by Broker _____ Date _____

Copyright© 2000 Advanced Real Estate Solutions, Inc.        Page 5 of 6        Form RDS    Revised 10/20/00

**5**

Plaintiff's EOR-069

Subject Property Address: 940 Elizabeth St San Francisco CA 94114 _____     Date: 05/28/2003

## PRDS®ADVISORY DISCLOSURE

INVESTIGATION OF PROPERTY CONDITION: The purchase of a home is one of the most important decisions a buyer will make, and demands careful investigation of all aspects of the Property that affect its value and desirability. Correction of some conditions may be required by law and may involve extensive costs. The TDS, SSC, NHDS and Lead Disclosure are not intended to, and do not, substitute for securing inspection reports and other required disclosures. Buyer is encouraged to attend the inspections so as to enable Buyer to discuss property condition issues directly with the inspectors. Buyer is urged to carefully consider ordering such additional reports and investigations as are recommended by inspectors. Consistent with Buyer's legal duty to exercise reasonable care to protect himself or herself regarding facts that are known to or within the diligent attention or observation of a buyer, Buyer is urged to investigate, without limitation, the following:

A.   CONDITION OF SYSTEMS: Foundation, roof, plumbing, heating, air conditioning, electrical, mechanical, energy efficiency, security, appliances/personal property, pool/spa, and all other systems and components should be investigated.

B.   SIZE AND AGE: Any square footage, room dimension, age of Property improvements or lot size figures provided have not been and will not be verified, may not be accurate and should not be relied upon.

C.   PROPERTY LINES AND BOUNDARIES: Fences, hedges, walls and other natural or constructed barriers or markers do not necessarily identify true Property boundaries. Property lines may be verified only by survey.

D.   SEWER AND SEPTIC SYSTEM: Type, size, adequacy, capacity, conditions and compliance should be inspected for present and future use, and for any eventual expansion of structure. Property may not be connected to sewer and applicable fees may not have been paid. Septic tank may need to be pumped and leach field should be inspected.

E.   BUILDING PERMITS/NON-PERMITTED CONSTRUCTION: There are risks in purchasing property on which unpermitted work has been done. These risks include, without limitation: (1) the risk that a city or County may require, at Buyer's expense, the remediation or removal of the unpermitted work, may prohibit its use as "habitable living space," or may deny permits for other, unrelated building projects at the Property; (2) the risk that the Property may be in violation of zoning, use and/or occupancy limit ordinances (e.g., by existence of an illegal "in-law" unit), requiring removal or discontinued use; (3) the risk that a possible hazardous condition could be caused by a non-conforming or unpermitted construction; (4) the risk that a lender's appraisal of the Property and the decision to extend financing could be adversely affected; and (5) the risk that Homeowner's Insurance coverage may not be available or that, even if coverage is obtained, homeowner claims might be denied and/or coverage cancelled. Buyer understands that many homes do not comply with all current building codes (which are subject to periodic amendment). Buyer should analyze the Property's building permit file, the contents of which may indicate whether structural modifications and other items of construction were done with benefit of properly issued building permits, including written final inspection by an appropriate City or County official. Buyer is strongly advised not to give up this right. Since permit documentation and requirements vary among cities and counties, entries made in building files are subject to interpretation. Buyer should rely only on a construction professional and not on the real estate licensees for analysis of the permit file's contents. Buyer understands that some building permit file documentation may be incomplete, illegible, incorrect or missing. Permit history or status is often impossible to establish.

F.   BUILDING RESTRICTIONS: Buyer is alerted that all cities, counties and certain other governmental agencies (e.g., FEMA) continually impose limitations and restrictions regarding house size, configuration, design, materials and other matters affecting home construction. If Buyer intends ever to expand or alter the Property, Buyer should consult with the appropriate professionals and governmental agencies.

G.   RENT AND OCCUPANCY CONTROL: Governmental agencies may impose restrictions limiting the amount of rent that can be charged, specifying a minimal lease term and/or the maximum number of persons who can occupy the Property.

H.   WATER AND WELL SYSTEMS: Buyer should check water source regarding the quantity and quality of water. Well systems and components should be inspected. The Property is subject to water rationing at times of drought.

I.   TOXIC HAZARDS: The Property should be inspected for such toxic hazards as asbestos, formaldehyde, radon, methane, other gases, lead-based paint, fuel tanks, contaminated soil or water, hazardous waste, waste disposal sites, electromagnetic fields and other substances, materials, products or conditions. Remediation costs may be extensive.

J.   SOILS: Soils native to the greater Bay Area are historically expansive in nature and inconsistent and unreliable in behavior and performance. Property may be subject to earth movement, drainage, and structural/foundation problems not visible upon inspection by Buyer or real estate licensees. Moreover, a general physical inspection of Property will not suffice as a current soils report (old soils reports may not account for current soils conditions).

K.   NEIGHBORHOOD CONDITIONS: Buyer should investigate the adequacy of area conditions including, but not limited to, schools, proximity and adequacy of law enforcement, fire protection and other governmental services, proximity to major entertainment venues (e.g., Shoreline Amphitheater), commercial, industrial, or agricultural activities; criminal activity; transportation issues; construction and development that may affect view or increase traffic; noise or odor from any source; wild and domestic animals; and conditions and influences significant to certain cultures/religions.

L.   IMPACTED PUBLIC SCHOOLS: Due to burgeoning enrollments in Bay Area public schools, many local districts are unable to guarantee that incoming students will be admitted to the schools closest to their family homes. Buyer is advised to consult directly with local school districts for information regarding available classroom space.

M.   NOISE: The Bay Area is served by three international airports, several municipal airports and Moffett Field. Virtually all residential areas are overflown by jet and propeller aircraft at noise and frequency levels that vary depending on aircraft size, route and altitude, on weather and on the Property's proximity to flight paths and airports. Similarly, noise produced by train, bus, light rail, freeways and other causes can be an annoyance or intrusion, depending on the individual. Buyer should inquire of transportation agencies and visit the Property and vicinity at various times to witness noise levels first hand and determine whether they are acceptable.

N.   MEGAN'S LAW (Sex Offender Database) Notice: The California Department of Justice, sheriff's departments, police departments serving jurisdictions of 200,000 or more and many other local law enforcement authorities maintain for public access a database of the locations of persons required to register pursuant to paragraph (1) of subdivision (a) of Section 290.4 of the Penal Code. The database is updated on a quarterly basis and a source of information about the presence of these individuals in any neighborhood. The Department of Justice also maintains a Sex Offender Identification Line through which inquiries about individuals may be made. This is a "900" telephone service. Callers must have specific information about individuals they are checking. Information regarding neighborhoods is not available through the "900" telephone service.

O.   FURTHER INQUIRIES: Buyer is advised to make further inquiries and inspections and to consult government agencies, lenders, insurance agents, architects and other appropriate persons and entities concerning the use of the Property under applicable building, energy, electrical, plumbing, mechanical, zoning, fire, health and safety codes and for evaluation of potential hazards.

P.   VERIFICATION: Brokers have not verified and will not personally verify any of the items above, unless otherwise agreed in writing.

Buyer's Initials ( \_\_\_\_\_ ) ( \_\_\_\_\_ )          Seller's Initials _____ ( \_\_\_\_\_ )

Copyright© 2000 Advanced Real Estate Solutions, Inc.          Page 6 of 6          Form RDS   Revised 10/20/00



Plaintiff's EOR-070



## PRDS® AS-IS ADDENDUM



THIS "AS-IS" ADDENDUM is hereby made part of the Real Estate Purchase Contract ("Contract") dated
05/28/2003 _____ made by the Buyer: JE Hoffman _____ for the purchase of
940 Elizabeth St _____ City of San Francisco _____
County of San Francisco _____, CA ("Property").

1. In further consideration of the price and terms of the sale of the Property, Buyer agrees that Buyer is purchasing the Property in its present, existing condition, "AS-IS" and "WHERE IS," without any obligation of Seller to make any repairs or changes, and without any warranties or representations, expressed or implied, regarding its condition.

2. Buyer and Seller agree that this ADDENDUM shall supersede and render without force or effect (a) any and all provisions in the Contract that would otherwise make Seller responsible to make repairs or for inspections, certifications or work relating to Structural Pest Control and (b) any and all provisions in the Contract under which Seller warrants that the Property's components, systems and appliances are operative, in working order, and free of damage or defect.

3. Buyer acknowledges the importance of making a thorough inspection of the Property, including both the land and all improvements located thereon. Buyer acknowledges that Buyer has been provided the opportunity to perform such inspections as well as to obtain information regarding zoning regulations, other governmental requirements, site and physical conditions, and other matters affecting the use and condition of the Property. Buyer takes responsibility for obtaining full and comprehensive inspections of the Property by competent, professional contractors, inspectors and other experts.

4. Seller agrees to permit Buyer and Buyer's representatives reasonable access to the Property to complete Buyer's inspections; provided, however, that no inspections may be made by any building department inspector or other government employee without the prior written consent of Seller, which shall not be unreasonably withheld or delayed.

5. Buyer warrants and represents that, with respect to the condition of the Property, Buyer will rely entirely on Buyer's own investigation and information, if any, and not on any information or representations made by Seller or anyone acting on Seller's behalf.

6. Unless otherwise provided to the contrary in the Contract, (a) Buyer shall retain all contingency rights (including those of physical inspection of the Property) provided in the Contract; (b) Seller shall keep and maintain the Property and its improvements in substantially the same condition they were in as of the date of "Acceptance" (as defined in the Contract); and (c) Seller shall remove all Seller's personal property and debris from the Property prior to close of escrow and shall leave the Property in broom clean condition.

7. Nothing contained in this ADDENDUM shall relieve or be deemed to relieve Seller of the duty to disclose or otherwise notify Buyer of conditions known by Seller to exist on or about the Property as required pursuant to applicable law, or to relieve Seller of Seller's obligations with respect to smoke detectors and the water heater.

8. Buyer and Seller agree there are ☒ no exceptions ☐ following exceptions:


Upon its execution by both parties, the above terms are made an integral part of the aforementioned agreement:

Date: _____          Date: _____

Buyer: _____          Seller: _____

Buyer: _____          Seller: _____


Copyright© 2000 Advanced Real Estate Solutions, Inc.                    Form RAIA    Revised 4/00

**7**

Plaintiff's EOR-071



CALIFORNIA
ASSOCIATION
OF REALTORS®

**ADDENDUM**

(C.A.R. Form ADM, Revised 10/01)

No. 1 _____

The following terms and conditions are hereby incorporated in and made a part of the: ☒ Residential Purchase Agreement, ☐ Manufactured Home Purchase Agreement, ☐ Business Purchase Agreement, ☐ Residential Lease or Month-to-Month Rental Agreement, ☐ Vacant Land Purchase Agreement, ☐ Residential Income Property Purchase Agreement, ☐ Commercial Property Purchase Agreement, ☐ other _____

dated ____May 28, 2003____ , on property known as _940 Elizabeth St._ _____
_____
in which _____Thomas R. Lloyd_____ is referred to as ("Buyer/Tenant")
and _____J E Hoffman_____ is referred to as ("Seller/Landlord").
_1)Tenant agrees to pay any and all expenses associated with said property including but not_
_limited to property taxes, repairs of any nature, property insurance, etc._
_____
_2)The property taxes will be billed out to tenant upon receipt. Tenant must pay taxes to JE_
_Hoffman 15 days prior to due date. Property insurance must be paid by tenant to JE Hoffman_
_upon billing. If tenant does not pay taxes and insurance as billed by the specified due_
_dates, the amount due will accrue interest at the rate of 1% per month. Not paying either_
_taxes or insurance by specified due date shall constitute a default._
_____

The foregoing terms and conditions are hereby agreed to, and the undersigned acknowledge receipt of a copy of this document.

Date _____    Date _____
Buyer/Tenant _____    Seller/Landlord _____
          Thomas R. Lloyd                              J E Hoffman
Buyer/Tenant _____    Seller/Landlord _____

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright© 1986-2001, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020
ADM-11 REVISED 10/01 (PAGE 1 OF 1)

Reviewed by _____
Broker or Designee _____ Date _____

**ADDENDUM (ADM-11 PAGE 1 OF 1)**

Keller Williams-Silicon Valley 2547 S. Bascom Avenue    , Campbell    CA 95008
Phone: (408)3235800    Fax: (408)5401770    Lisa Grisalin

T6108929.ZFX



**CALIFORNIA
ASSOCIATION
OF REALTORS®**

## RESIDENTIAL LEASE AFTER SALE
### Seller in Possession After Close of Escrow

 *EXHIBIT A*

_____ JE Hoffman _____ ("Landlord") and

_____ Thomas R. Lloyd _____ ("Tenant") agree as follows:

**1. PROPERTY:**

  A. Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as _____

    _____ 940 Elizabeth St., San Francisco, CA 94114 _____ ("Premises").

  B. The following personal property is included None _____

**2. SALE AGREEMENT:** Landlord as Buyer, and Tenant as Seller, have entered into a purchase and sale agreement for the real property described above. Close of escrow for that agreement is scheduled to occur on (date) _____ June 30, 2003 _____

**3. TERM:** The term begins on the date that escrow closes on the purchase and sale agreement ("Commencement Date") (Check A or B):

  ☒ A. Month-to-month and continues as a month-to-month tenancy. Either party may terminate the tenancy by giving written notice to the other at least 30 days prior to the intended termination date, subject to any applicable local laws. Such notice may be given on any date.

  ☐ B. Lease and shall terminate on (date) _____ at _____ ☐ AM ☐ PM.
Any holding over after the term of this Agreement expires, with Landlord's consent, shall create a week-to-week tenancy that either party may terminate on 7 days written notice. Rent shall be at a rate equal to the prorated rent for the immediately preceding period and unless otherwise notified by Landlord is payable in advance. All other terms and conditions of this Agreement shall remain in full force and effect.

**4. RENT:**

  A. Tenant agrees to pay rent at the rate of $ 2,595.66 _____ per month for the term of the Agreement.

  B. Rent is payable in advance on the 1st ( or ☐ _____ ) day of each calendar month, (or if checked ☐ in full for the entire rental period at close of escrow on the purchase and sale agreement) and is delinquent on the next day.

  C. If Commencement Date falls on any day other than the 1st of the month, rent shall be prorated based on a 30-day period. If Tenant has paid one full month's rent in advance of Commencement Date, rent for the second calendar month shall be prorated based on a 30-day period.

  D. PAYMENT: The rent shall be paid to (name) _____ JE Hoffman _____ at (address) _____ 5132 N. Palm Ave. _____
_____ Suite 103 Fresno, CA 93704 _____ or at any other location specified by Landlord in writing to Tenant.

**5. SECURITY DEPOSIT:**

  A. Tenant agrees to pay $ _____ as a security deposit. Security deposit will be: ☐ given to the Landlord of the Premises; ☐ held in Landlord's Broker's trust account; or ☐ held in escrow to be used for the purchase and sale agreement and released to Landlord upon the close of escrow under the purchase and sale agreement.

  B. All or any portion of the security deposit may be used, as reasonably necessary, to: (1) cure Tenant's default in payment of rent, Late Charges, non-sufficient funds (" NSF") fees, or other sums due; (2) repair damage, excluding ordinary wear and tear, caused by Tenant or by a guest or licensee of Tenant; (3) clean Premises, if necessary, upon termination of tenancy; and (4) replace or return personal property or appurtenances. SECURITY DEPOSIT SHALL NOT BE USED BY TENANT IN LIEU OF PAYMENT OF LAST MONTH'S RENT. If all or any portion of the security deposit is used during tenancy, Tenant agrees to reinstate the total security deposit within five days after written notice is delivered to Tenant. Within three weeks after Tenant vacates the Premises, or immediately upon cancellation of the purchase and sale agreement, Landlord shall: (1) furnish Tenant with an itemized statement indicating the amount of any security deposit received and the basis for its disposition, and (2) return any remaining portion of security deposit to Tenant.

  C. No interest will be paid on security deposit unless required by local ordinance.

  D. If security deposit is held by Owner, Tenant agrees not to hold Broker responsible for its return. If security deposit is held in Owner's Broker's trust account, and Broker's authority is terminated before expiration of this Agreement, and security deposits are released to someone other than Tenant, then Broker shall notify Tenant, in writing, where and to whom security deposit has been released. Once Tenant has been provided such notice, Tenant agrees not to hold Broker responsible for security deposit.

  E. Landlord and Tenant are advised that release of funds from escrow requires separate written instructions.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright© 1995-2000, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

REVISION DATE 10/2000
AS-11 (PAGE 1 OF 4)

Landlord and Tenant acknowledge receipt of copy of this page.
Landlord's Initials ( _____ ) ( _____ )
Tenant's Initials ( _____ ) ( _____ )

Reviewed by _____ Date _____
Broker or Designee

**RESIDENTIAL LEASE AFTER SALE (RLAS-11 PAGE 1 OF 4)**

Ex B-1

Premises 940 Elizabeth St., San Francisco, CA 94114 .                                    Date May 28, 2003

**C.   MOVE-IN COSTS RECEIVED/DUE:**

| Category | Total Due | Payment Received | Balance Due | Date Due |
|---|---|---|---|---|
| Rent from 06/30/2003 to 07/31/2003 (date) | $3,715.49 | | $3,715.49 | 06/30/2003 |
| Security Deposit | | | | |
| Other | | | | |
| Other | | | | |
| Total | $3,715.49 | | $3,715.49 | |

*The maximum amount that Landlord may receive as security deposit, however designated, cannot exceed two month's rent for an unfurnished premises, and three month's rent for a furnished premises.

7.   **PARKING: (Check A or B)**
☒ A. Parking is permitted as follows: As per city and county ordanances
OR ☐ B. Parking is not permitted on the Premises.

8.   **STORAGE: (Check A or B)**
☒ A. Storage is permitted as follows: As per city and county ordanances
The right to storage space ☐ is, ☐ is not, included in the rent charged pursuant to paragraph 3. If not included in rent, storage space shall be an additional $_____ per month. Tenant shall store only personal property that Tenant owns, and shall not store property that is claimed by another or in which another has any right, title, or interest. Tenant shall not store any improperly packaged food or perishable goods, flammable materials, explosives, or other inherently dangerous material.
OR ☐ B. Storage is not permitted on the Premises.

9.   **LATE CHARGE/NSF CHECKS:** Tenant acknowledges that either late payment of rent or issuance of a non-sufficient funds ("NSF") check may cause Landlord to incur costs and expenses, the exact amount of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of rent due from Tenant is not received by Landlord within 5 (or ☐ _____ ) calendar days after date due, or if a check is returned NSF, Tenant shall pay to Landlord, respectively, an additional sum of $ 215.74 as a Late Charge and $25.00 as a NSF fee, either or both of which shall be deemed additional rent. Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any Late Charge or NSF fee due shall be paid with the current installment of rent. Landlord's acceptance of any Late Charge or NSF fee shall not constitute a waiver as to any default of Tenant. Landlord's right to collect a Late Charge or NSF fee shall not be deemed an extension of the date rent due under paragraph 3, or prevent Landlord from exercising any other rights and remedies under this Agreement, and as provided by law.

10.  **CONDITION OF PREMISES:** Tenant has examined Premises, all furniture, furnishings, appliances, landscaping, if any, and fixtures, including smoke detector(s) and acknowledges that these items are clean and in operative condition, with the following exceptions _____ No Exceptions _____

11.  **UTILITIES:** Tenant agrees to pay for all utilities and services, and the following charges: _____ except _____ No Exceptions _____, which shall be paid for by Landlord. If any utilities are not separately metered, Tenant shall pay Tenant's proportional share, as reasonably determined by Landlord.

12.  **OCCUPANTS:** The Premises are for the sole use as a personal residence by the following named persons only: Thomas R. Lloyd _____

13.  **PETS:** No animal or pet shall be kept on or about the Premises without Landlord's prior written consent, except _____

14.  **RULES/REGULATIONS:** Tenant agrees to comply with all rules and regulations of Landlord that are at any time posted on the Premises or delivered to Tenant. Tenant shall not, and shall ensure that guests and licensees of Tenant shall not, disturb, annoy, endanger, or interfere with other tenants of the building or neighbors, or use the Premises for any unlawful purposes, including, but not limited to, using, manufacturing, selling, storing, or transporting illicit drugs or other contraband, or violate any law or ordinance, or commit a waste or nuisance on or about the Premises.

15.  **CONDOMINIUM/PLANNED UNIT DEVELOPMENT:** ☐ (If checked) The Premises is a unit in a condominium, planned unit, or other development governed by an owner's association. The name of the homeowner's association ("HOA") is _____. Tenant agrees to comply with all covenants, conditions and restrictions, bylaws, rules, regulations and decisions of HOA. Landlord shall provide Tenant copies of rules and regulations, if any. Tenant shall reimburse Landlord for any fines or charges imposed by HOA or other authorities, due to any violation by Tenant, or the guests or licensees of Tenant.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright© 1995-2000. CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

**REVISION DATE 10/2000**
   **LAS-11 (PAGE 2 OF 4)**

Landlord and Tenant acknowledge receipt of copy of this page.
Landlord's initials ( _____ ) ( _____ )
Tenant's initials ( _____ ) ( _____ )

Reviewed by _____
Broker or Designee _____ Date _____

**RESIDENTIAL LEASE AFTER SALE (RLAS-11 PAGE 2 OF 4)**

Plaintiff's EOR-074

Premises: _940 Elizabeth St. San Fran   sco, CA  94114_    Date: _May 28, 2003_

16. MAINTENANCE:

A. Tenant shall properly use, operate and safeguard Premises, including if applicable, any landscaping, furniture, furnishings, and appliances, and all mechanical, electrical, gas and plumbing fixtures, and keep them clean and sanitary. Tenant shall immediately notify Landlord, in writing, of any problem, malfunction or damage. Tenant shall pay for all repairs or replacements caused by Tenant, or guests or licensees of Tenant, excluding ordinary wear and tear. Tenant shall pay for all damage to Premises as a result of failure to report a problem in a timely manner. Tenant shall pay for repair of drain blockages or stoppages, unless caused by defective plumbing parts or tree roots invading sewer lines.

B. ☐ Landlord ☒ Tenant, shall water the garden, landscaping, trees and shrubs, except _No Exceptions_

C. ☐ Landlord ☒ Tenant shall maintain the garden, landscaping, trees and shrubs, except _No Exceptions_

17. ALTERATIONS: Tenant shall not make any alterations in or about the Premises without Landlord's prior written consent, including painting, wallpapering, adding or changing locks, installing antenna or satellite dish, placing signs, displays or exhibits, or using screws, fastening devices, large nails or adhesive materials.

18. KEYS/LOCKS:

A. Tenant acknowledges possession of: _____ key(s) to Premises; _____ remote control device(s) for garage door/gate opener(s); _____ key(s) to mailbox; _____ key(s) to common area(s); and _All Keys / Openers tenant currently possessed_

B. If Tenant rekeys existing locks or opening devices, Tenant shall immediately deliver copies of all keys to Landlord. Tenant shall pay all costs and charges related to loss of any keys or opening devices. Tenant may not remove locks, even if installed by Tenant.

19. ENTRY: Tenant shall make Premises available to Landlord or representative for the purpose of entering to make necessary or agreed repairs, decorations, alterations, or improvements, or to supply necessary or agreed services, or to show Premises to prospective or actual purchasers, tenants, mortgagees, lenders, appraisers, or contractors. Landlord and Tenant agree that 24 hours notice (oral or written) shall be reasonable and sufficient notice. In an emergency, Landlord or representative may enter Premises at any time without prior notice.

20. SIGNS: Tenant authorizes Landlord to place For Sale/Lease signs on the Premises.

21. ASSIGNMENT/SUBLETTING: Tenant shall not sublet all or any part of Premises, or assign or transfer this Agreement or any interest in it, without prior written consent of Landlord. Unless such consent is obtained, any assignment, transfer or subletting of Premises or this Agreement or tenancy, by voluntary act of Tenant, operation of law or otherwise, shall be null and void, and at the option of Landlord, terminate this Agreement. Any proposed assignee, transferee or sublessee shall submit to Landlord an application and credit information for Landlord's approval, and, if approved, sign a separate written agreement with Landlord and Tenant. Landlord's consent to any one assignment, transfer or sublease, shall not be construed as consent to any subsequent assignment, transfer or sublease, and does not release Tenant or Tenant's obligation under this Agreement.

22. ☐ LEAD PAINT (CHECK IF APPLICABLE): Premises was constructed prior to 1978. In accordance with federal law, Landlord gives and Tenant acknowledges receipt of the disclosures on the attached form (such as C.A.R. Form FLD-14) and a federally approved lead pamphlet.

23. TENANT'S OBLIGATIONS UPON VACATING PREMISES: Upon termination of Agreement, Tenant shall: (a) give Landlord all copies of all keys or opening devices to Premises, including any common areas; (b) vacate Premises and surrender it to Landlord empty of all persons; (c) vacate any/all parking and/or storage space; (d) deliver Premises to Landlord in the same condition as referenced in paragraph 10; (e) clean Premises, including professional cleaning of carpet and drapes; (f) give written notice to Landlord of Tenant's forwarding address; and (g) _____

All improvements installed by Tenant, with or without Landlord's consent, become the property of Landlord upon termination.

24. BREACH OF CONTRACT/EARLY TERMINATION: In addition to any obligations established by paragraph 23, in event of termination by Tenant prior to completion of the original term of Agreement, Tenant shall also be responsible for lost rent, rental commissions, advertising expenses, and painting costs necessary to ready Premises for re-rental.

25. DAMAGE TO PREMISES: If, by no fault of Tenant, Premises are totally or partially damaged or destroyed by fire, earthquake, accident or other casualty, which render Premises uninhabitable, either Landlord or Tenant may terminate Agreement by giving the other written notice. Rent shall be abated as of date of damage. The abated amount shall be the current monthly rent prorated on a 30-day basis. If Agreement is not terminated, Landlord shall promptly repair the damage, and rent shall be reduced based on the extent to which the damage interferes with Tenant's reasonable use of Premises. If damage occurs as a result of an act of Tenant or Tenant's guests, only Landlord shall have the right of termination, and no reduction in rent shall be made.

26. INSURANCE: Tenant's personal property and vehicles are not insured by Landlord or, if applicable, HOA, against loss or damage due to fire, theft, vandalism, rain, water, criminal or negligent acts of others, or any other cause. Tenant is to carry Tenant's own insurance (renter's insurance) to protect Tenant from any such loss.

27. WATERBEDS: Tenant shall not use or have waterbeds on the Premises unless: (a) Tenant obtains a valid waterbed insurance policy; (b) Tenant increases the security deposit in an amount equal to one-half of one month's rent; and (c) the bed conforms to the floor load capacity of Premises.

28. WAIVER: The waiver of any breach shall not be construed as a continuing waiver of the same or any subsequent breach.

29. NOTICE: Notices may be served at the following address, or at any other location subsequently designated:

| Landlord: _JS Hoffman_ | Tenant: _Thomas R. Lloyd_ |
|---|---|
| _5132 N. Palm Ave. Suite 103_ | _940 Elizabeth St._ |
| _Fresno, CA 93704_ | _San Francisco, CA  94114_ |

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1995-2000, CALIFORNIA ASSOCIATION OF REALTORS®. ALL RIGHTS RESERVED.
REVISION DATE 10/2000

Landlord and Tenant acknowledge receipt of copy of this page.
Landlord's Initials ( _____ ) ( _____ )
Tenant's Initials ( _____ ) ( _____ )
Reviewed by _____
Broker or Designee _____ Date _____

RESIDENTIAL LEASE AFTER SALE (B) AS-11 PAGE 3 OF 4

Plaintiff's EOR-075

Premises: _947 Elizabeth St., San Fr., clsco, CA 94114_                Date: _May 28, 2003_

30. **TENANCY STATEMENT (ESTOPPEL CERTIFICATE):** Tenant shall execute and return a tenancy statement (estoppel certificate) delivered to Tenant by Landlord or Landlord's agent within 3 days after its receipt. The tenancy statement acknowledges that this Agreement is unmodified and in full force, or in full force as modified, and states the modifications. Failure to comply with this requirement shall be deemed Tenant's acknowledgment that the tenancy statement is true and correct, and may be relied upon by a lender or purchaser.

31. **JOINT AND INDIVIDUAL OBLIGATIONS:** If there is more than one Tenant, each one shall be individually and completely responsible for the performance of all obligations of Tenant under this Agreement, jointly with every other Tenant, and individually, whether or not in possession.

32. ☐ **MILITARY ORDNANCE DISCLOSURE:** (If applicable and known to Landlord) Premises is located within one mile of an area once used for military training, and such area may contain potentially explosive munitions.

33. **OTHER TERMS AND CONDITIONS/SUPPLEMENTS:** _See Addendum #1_ _____

_____

The following ATTACHED supplements are incorporated in this Agreement: _____

34. **ATTORNEY'S FEES:** In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney's fees and costs.

35. **ENTIRE CONTRACT:** Time is of the essence. All prior agreements between Landlord and Tenant are incorporated in this Agreement which constitutes the entire contract. It is intended as a final expression of the parties' agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. The parties further intend this Agreement to constitute the complete and exclusive statement of its terms, and that no extrinsic evidence whatsoever may be introduced in any judicial or other proceeding, if any, involving this Agreement. Any provision of this Agreement that is held to be invalid shall not affect the validity or enforceability of any other provision in this Agreement.

36. **AGENCY:**
   A. **Confirmation:** The following agency relationship(s) are hereby confirmed for this transaction:
   Listing Agent: (Print firm name) _____ is the agent of
   (check one): ☐ the Tenant exclusively; or ☐ the Landlord exclusively; or ☐ both the Tenant and Landlord.
   Selling Agent: (Print firm name) _____ (if not same as Listing Agent) is the agent of
   (check one): ☐ the Landlord exclusively; or ☐ both the Landlord and Tenant.
   B. **Disclosure:** ☐ (If checked): The term of this lease exceeds one year. An agency disclosure form has been provided to Landlord and Tenant, who each acknowledge its receipt.

   Landlord and Tenant acknowledge and agree that Brokers: (a) do not guarantee the condition of the Premises; (b) cannot verify representations made by others; (c) cannot provide legal or tax advice; (d) will not provide other advice or information that exceeds the knowledge, education or experience required to obtain a real estate license. Furthermore, if Brokers are not also acting as Landlord in this Agreement, Brokers: (e) do not decide what rental rate a Tenant should pay or Landlord should accept, and (f) do not decide upon the length or other terms of tenancy. Landlord and Tenant agree that they will seek legal, tax, insurance, and other desired assistance from appropriate professionals.

Tenant _____    Date _____
   _Thomas R. Lloyd_

Tenant _____    Date _____

Landlord _____    Date _____
(owner or agent with authority to enter into this lease)

Landlord _____    Date _____
(owner or agent with authority to enter into this lease)

Agency relationships are confirmed as above. Real estate brokers not acting as Landlord in this Agreement are not a party to the Agreement between Landlord and Tenant.

Real Estate Broker _____  By _____  Date _____
(Selling Firm Name)

Address _____  Telephone _____  Fax _____

Real Estate Broker _____  By _____  Date _____
(Listing Firm Name)

Address _____  Telephone _____  Fax _____

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____
Broker or Designee _____ Date _____

REVISION DATE 10/2000
RLAS-11 (PAGE 4 OF 4)

**RESIDENTIAL LEASE AFTER SALE (RLAS-11 PAGE 4 OF 4)**

Plaintiff's EOR-076

From:559 230 0595                           Ou. J1/2004 11:36 #490 P.002/002

EXHIBIT 12

## THREE DAY NOTICE TO PAY RENT OR QUIT
(Code of Civil Procedure section 1161(2))

TO: Thomas R. Lloyd, and to all tenants in possession:

PLEASE TAKE NOTICE that the rent has not been paid for the below described premises and is due and
unpaid in the sum of $41,829.29:

WITHIN THREE DAYS of the date of service of this Notice upon you, you are required to pay said rent,
or in the alternative, to quit and deliver up possession of said premises.

SHOULD YOU FAIL to pay the rent or to deliver up possession of the premises within said three day
period, your landlord will institute legal proceedings to evict you from said premises, to declare a forfeiture
of the lease or rental agreement by which you hold possession of said premises, and to recover all unpaid
rent, unlawful detainer damages, attorney's fees, and Court costs.

SAID PREMISES ARE DESCRIBED AS FOLLOWS:
940 Elizabeth Street
San Francisco, CA 94114

PAYMENT SHOULD BE MADE TO: H & B Properties,LLC
5132 N. Palm Ave., Ste. 103
559-230-0593

(Check should be made payable to:H & B Properties, LLC)

PAYMENT MAY BE MADE IN ANY OF THE CHECKED METHODS BELOW:

☐ By personal delivery;          ■ By mail or courier delivery     ☐ By deposit into Account
The usual days and hours            to the above address (must be      #_____ at (name
when available to accept            postmarked within the three        of financial institution)
payment are the days of             day notice period)
_____ between                                                     Address:_____
the hours of_____ and
_____                                                             ☐ by electronic funds transfer
                                                                       pursuant to previously established
                                                                       procedure

DATED: May 27, 2004

By: _____
    LANDLORD (or agent)

NOTE: If your tenancy terminates as a result of this Notice, YOU HAVE THE LEGAL RIGHT
to request an initial inspection of your unit and be present during the inspection. The purpose of
this inspection is to allow you the opportunity to correct any deficiencies in order to avoid
deductions from the security deposit. Please contact the undersigned to request an initial
inspection.

ADVICE REGARDING THIS NOTICE IS AVAILABLE FROM THE SAN FRANCISCO
RENT ARBITRATION & STABILIZATION BOARD AT (415) 252-4600

27/04

-5

182-1  01/01 P 202-1        ·28Z**** 87*+      oxyxuu  kuu  ruuuxu

Plaintiff's EOR-077

### SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement ("the Agreement") is entered into by the following parties:

1.    THOMAS R. LLOYD, his assigns, successors, representatives, agents, attorneys and employees of any of them, hereinafter referred to as "LLOYD";

2.    H & B PROPERTIES, L.L.C., its assigns, successors, representatives, partners, members, agents, attorneys and employees of any of them, hereinafter referred to as "H & B";

4.    J. EDWARDS COMPANY INVESTMENT GROUP, INC., its assigns, successors, representatives, shareholders, officers, directors, agents, attorneys and employees of any of them, hereinafter referred to as "J. EDWARDS"; and

3.    JEFFREY E. HOFFMAN, his assigns, successors, representatives, agents, attorneys and employees of any of them, hereinafter referred to as "HOFFMAN".

This Agreement is entered into by the parties with reference to the following facts:

### RECITALS

A.  WHEREAS, LLOYD was the owner of real property commonly known as 940 Elizabeth Street, San Francisco, California ("the Property"); and

B.  WHEREAS, LLOYD came in contact with HOFFMAN at J. EDWARDS in his efforts to remedy a personal financial situation; and

C.  WHEREAS, HOFFMAN is a member of H & B, which is in the business of investing in real property; and

D.  WHEREAS, H & B purchased the Property from LLOYD, giving LLOYD a one-year lease ("the Lease") and an option to repurchase the Property ("the Option" and the Repurchase Agreement") within one year following the purchase by H & B; and

E.  WHEREAS, LLOYD fell behind in his lease payments, and

-1-



EXHIBIT

Plaintiff's EOR-078

F.  WHEREAS, H & B served on LLOYD a Three-Day Notice to Pay Rent or Quit, which was followed by the filing of an unlawful detainer complaint in San Francisco County Superior Court, identified as Case No. CUD04-610594 ("the Action"); and

G.  WHEREAS, LLOYD filed an Answer claiming, inter alia, that the sales transaction was a disguised security device and thereby unenforceable;

The parties now desire to resolve their differences on the terms and conditions set forth hereinbelow.

### AGREEMENT AND MUTUAL GENERAL RELEASE

1.a.  In consideration of the foregoing, and the promises and conditions set forth hereinbelow, LLOYD, H & B, HOFFMAN and J. EDWARDS hereby mutually release and forever discharge each other and their respective heirs, officers, directors, trustees, shareholders, members, agents, assigns, successors, servants, employees, attorneys, subsidiaries, heirs, executors and administrators of and from any and all debts, demands, actions, causes of action, judgments, liabilities, liens and claims of every kind and nature whatsoever, whether known or unknown, liquidated or contingent, arising from the Action or arising from or related to the Property, the purchase by H & B, the Lease, the Option or the Repurchase Agreement, except as set forth hereinbelow.

b.  It is understood and agreed that this is a full and final release applying to all unknown and unanticipated injuries, or other damages to the parties arising from the matters asserted in the Action, or in any way related to the Property. LLOYD, H & B, HOFFMAN and J. EDWARDS, and each of them, expressly waive the provisions of California Civil Code Section 1542 which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exists in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

-2-

2

Plaintiff's EOR-079

2.    The purpose of this Agreement is to resolve claims which are disputed, and to reach a compromise. Nothing contained herein shall be deemed as an admission by any party to this Agreement of any liability and/or wrongdoing of any kind, all such liability and/or wrongdoing being expressly denied.

3.    Upon execution of this Agreement by H & B, H & B shall forebear continuance of prosecution of the Action, as well as forbearance of any other forms of enforcement of H & B's rights under the Lease Agreement or Option Agreement for a period of 90 days commencing on July 12, 2004.

4.    LLOYD and H & B shall execute within one week following execution of this Agreement, a Stipulation for Entry of Judgment ("the Stipulation") in the Action. The Stipulation shall be for entry of a money judgment in the amount of $ 60,886.17, plus attorneys; fees and court costs in the amount of $3,500, as well as for immediate possession of the Property. The Stipulation shall be held by H & B, without filing for at least 90 days from the July 12, 2004, the date of the oral agreement between LLOYD, HOFFMAN and H & B ("the forbearance period"), allowing LLOYD that amount of time to dispose of or repurchase the Property. A copy of the Stipulation is attached hereto as Exhibit "A".

5.    During the 90-day forbearance period, LLOYD may do either of the following: a) find a buyer willing to complete a purchase of the Property within the 90 days; or b) repurchase the Property, himself, by paying all monies now due H & B as well as those which will come due during the 90-day forbearance period as a result of LLOYD'S status as a holdover tenant, and paying off all existing debt within the 90-day period.

6.    In the event that LLOYD does not perform either under paragraph 5(a) or 5(b), above, then, at the end of the 90-day forbearance period, H & B shall have the right to file the Stipulation with the Court and obtain a court Judgment in the Action, and may proceed with a Writ of Possession as provided by California law. Upon obtaining possession, H & B shall immediately

-3-

**3**

Plaintiff's EOR-080

list the Property for fair market value. Upon the sale of the Property, all secured debt and H & B's demand amount shall first be satisfied and all remaining monies shall be paid to LLOYD.

7.     In the event that LLOYD does perform under either 5(a) or 5(b), and the default under the lease agreement is cured, H & B shall cause to be filed a Request for Dismissal of the Unlawful Detainer action in its entirety, and the Stipulation shall be null and void.

8.     The parties acknowledge and agree that they have been represented in the negotiation and review of this Agreement by counsel of their own choosing, or have had the opportunity to do so, that they have read this Agreement or had it read to them by counsel, that they understood the Agreement and are fully aware of the contents and legal effect of the Agreement.

9.     This Agreement is freely and voluntarily entered into by each party. LLOYD, HOFFMAN, H & B and J. EDWARDS represent and warrant to each other that they have not assigned or transferred any of their rights or interest in the matters being released hereunder, and they will indemnify and hold harmless each other against any and all costs, damages or expenses, including attorneys' fees, arising from any such assignment or transfer.

10.     The parties acknowledge and agree that no promises or inducements have been made or offered to them except as set forth in this Agreement and further this Agreement is being executed by the LLOYD, H & B, HOFFMAN and J. EDWARDS without any reliance on any statement or representation by any employee or agent of the other party except as may be set forth herein.

11.     In the event it shall become necessary to consult with an attorney or to commence a suit or bring a motion in connection with the enforcement of any provision of this Agreement, or any right granted herein, the prevailing parties shall be entitled to recover from the other party attorneys' fees and costs incurred therein.

12.     This writing constitutes the entire Agreement between the parties respecting the subject matter herein, and any and all prior discussions that have taken place, negotiations and

-4

4

Plaintiff's EOR-081

understandings are merged herein.  No party shall be bound by any representation, warranty, promise, statement or information, made by any party or the representatives of any party unless it is specifically set forth herein.  No modification or waiver of this Agreement is binding unless it is in writing and signed by each of the parties.

13.    This Agreement shall be binding upon and inure to the benefit of the heirs, executors, administrators, successors and assigns of the parties.

14.    This Agreement may be executed in counterparts.

IN WITNESS HEREOF the parties hereto have caused this Agreement to be duly executed.

DATED: _____                    _____
                                          Thomas Lloyd

Approved as to form:                      LAW OFFICES OF EDWARD L. BLUM, P.C.

                                          By _____
                                          Edward L. Blum, attorneys for Thomas Lloyd

                                          H & B PROPERTIES

DATED: _____                    By _____
                                          Jeffrey E. Hoffman, Member

                                          J. EDWARDS COMPANY
                                          INVESTMENT GROUP, INC.

DATED: _____                    By _____
                                          Jeffrey E. Hoffman, President

DATED: _____                    _____
                                          Jeffrey E. Hoffman, Individually

Approved as to Form:                      LAW OFFICE OF JULIE B. GUSTAVSON

                                          By _____
                                          Julie B. Gustavson, Attorneys for H & B
                                          Properties, J. Edwards Company Investment
                                          Group, Inc., and Jeffrey E. Hoffman

-5-

Plaintiff's EOR-082

**DOCUMENT 6**

Entered on Docket
February 16, 2006
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: February 16, 2006

_____
THOMAS E. CARLSON
U.S. Bankruptcy Judge
_____

1

2

3

4

5

6

7

8

9

10

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 | In re                                    ) Case No: 04-32921 TEC
                                             )
12 | THOMAS LLOYD,                            )
                                             ) Chapter 11
13 |                                          )
                           Debtor.           )
14 | _____   )
     JEFFREY E. HOFFMAN,                      )
15 |                                          )
                           Plaintiff,         )
16 |                                          )
          vs.                                 ) Adv. Proc. No. 05-3328 TC
17 |                                          )
     THOMAS R. LLOYD, an individual,          )
18 | EDWARD L. BLUM, an individual, and       )
     DOES 1 through 20, inclusive,            )
19 |                                          )
                           Defendants.        )
20 | _____   )
     THOMAS R. LLOYD,                         )
21 |                                          )
                           Cross-Plaintiff,   )
22 |      vs.                                  )
                                             ) Date: February 17, 2006
23 | JEFFREY E. HOFFMAN, dba H & B             ) Time: 9:30 a.m.
     PROPERTIES; H & B PROPERTIES, LLC,;     ) Ctrm: Hon. Thomas E. Carlson
24 | J. EDWARDS INVESTMENT GROUP, INC.,       )       235 Pine Street
     and NORCAL FINANCIAL, INC.,             )       San Francisco, CA
25 |                                          )
                           Cross-Defendants.  )
26 | _____   )

27

28

**TENTATIVE RULING RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

TENTATIVE RULING RE PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT              -1-

Plaintiff's EOR-083

1  The court is inclined to deny Plaintiff's motion for summary

2  judgment regarding the validity of the release for the following

3  reasons.

4  (1) A post-transaction release of claims under Civil Code

5  section 1695 is enforceable if the equity seller: (a) is

6  represented by counsel; (b) has been made aware of his right to

7  rescind the contract under section 1695; (c) receives some

8  consideration for the release; and (d) consideration of all facts

9  and circumstances indicates that the parties intended the release

10  to cover claims under section 1695.

11  (2) It appears that requirements (a) and (c) have been

12  satisfied, and that there are triable fact issues as to:

13  (i) whether Plaintiff's counsel advised Plaintiff of his rights

14  under section 1695; and (ii) whether the parties intended the

15  release to cover claims under section 1695 (see Hoffman

16  deposition).

17  **END OF TENTATIVE RULING**

18

19

20

21

22

23

24

25

26

27

28

TENTATIVE RULING RE PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT          -2-

Plaintiff's EOR-084

1              Court Service List

2

3   Jeffrey J. Goodrich, Esq.
    Law Offices of Goodrich and Associates
    336 Bon Air Center, Suite 335
4   Greenbrae, CA 94904

5   Jerry R. Hauser, Esq.
    Phillips, Greenberg and Hauser
6   4 Embarcadero Center, 39th Floor
    San Francisco, CA 94111

7

8   Stephen D. Pahl, Esq.
    Cheri L. MacArthur, Esq.
    160 West Santa Clara Street
9   14th Floor
    San Jose, CA 95113-1700

10

11  Julie Rome-Banks, Esq.
    Binder & Malter LLP
    2775 Park Avenue
12  Santa Clara, CA 95050

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DOCUMENT 7**

Entered on Docket
**February 21, 2006**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: February 21, 2006

**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

1

2

3

4

5

6

7

8

9

10

|   |   |
|---|---|

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  In re                             )    Case No: 04-32921 TEC
                                      )
12  THOMAS LLOYD,                     )
                                      )    Chapter 11
13                                    )
                   Debtor.            )
14  _____    )
    JEFFREY E. HOFFMAN,               )
15                                    )
                   Plaintiff,         )
16                                    )
         vs.                          )
17                                    )    Adv. Proc. No. 05-3328 TC
    THOMAS R. LLOYD, an individual,   )
18  EDWARD L. BLUM, an individual, and)
    DOES 1 through 20, inclusive,     )
19                                    )
                   Defendants.        )
20  _____    )
    THOMAS LLOYD,                     )
21                                    )
                   Cross-Plaintiff,   )
22       vs.                          )
                                      )    Date: February 17, 2006
23  JEFFREY E. HOFFMAN, dba H & B     )    Time: 9:30 a.m.
    PROPERTIES; H & B PROPERTIES, LLC,;)   Ctrm: Hon. Thomas E. Carlson
24  J. EDWARDS INVESTMENT GROUP, INC.,)         235 Pine Street
    and NORCAL FINANCIAL, INC.,       )         San Francisco, CA
25                                    )
                   Cross-Defendants.  )
26  _____    )

27

28            **ORDER DENYING MOTION FOR SUMMARY JUDGMENT**


ORDER DENYING MOTION
FOR SUMMARY JUDGMENT              -1-

Plaintiff's EOR-086

1     Lloyd's motion for summary judgment is denied for the
2 following reasons.

3     The provisions against waiver of section 1695 should not
4 preclude settlement of litigation involving rights under that
5 section.  Lloyd's section 1695 rights were at least potentially
6 involved in the litigation settled, because Lloyd could have
7 challenged Hoffman's title via section 1695 in Hoffman's unlawful
8 detainer action.  Mehr v. Superior Court, 139 Cal.App.3d 1044
9 (1983); Asuncion v. Superior Court, 108 Cal.App.3d 141 (1980).
10 Section 1695 was not, however, necessarily involved in the
11 litigation.  Any challenge to Hoffman's title would have been a
12 permissive counterclaim, and an unlawful detainer judgment, unless
13 expanded from its normal scope, is not res judicata regarding
14 title.  See Vella v. Hudgins, 20 Cal.3d 251 (1977).  The written
15 settlement agreement that Hoffman seeks to enforce does not
16 expressly state that it covers Lloyd's section 1695 claims, but the
17 language of the agreement does not preclude parole evidence that
18 the parties expressly discussed and intended that result.  Against
19 this backdrop, the following decision best balances the public
20 interest against waiver of section 1695 rights and the public
21 interest favoring settlement of litigation.

22     (1) In light of the strong policy against waiver of section
23 1695 claims, and because we have no evidence that Lloyd asserted a
24 claim or defense under section 1695 in the settled litigation, the
25 settlement should be enforceable only if the negotiations expressly
26 addressed section 1695 and the conduct and statements of the
27 parties indicate that the parties affirmatively intended the
28 release to cover Lloyd's section 1695 claims.  Such intent can be

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT     -2-

Plaintiff's EOR-087

1  shown only by communications between the parties, not by evidence
2  of either party's subjective intent.    Summary judgment should be
3  denied, because there is a triable issue of fact as to whether the
4  parties expressly agreed orally that the release would cover any
5  section 1695 claims.

6      (2) Any settlement of section 1695 rights should be knowing
7  and intelligent.    If there was an express waiver of section 1695
8  rights, and Lloyd contends that the waiver involved therein was not
9  knowing and intelligent, Hoffman may delve into Lloyd's
10 communications with his attorney about Lloyd's rights under section
11 1695.    A party should not lightly be found to have put at issue the
12 legal advice he received.    In the present case, however, this would
13 occur only if there is evidence that Lloyd expressly agreed to
14 settle his section 1695 claims and then sought to escape that
15 settlement.

16                      **END OF ORDER**

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT                -3-

Plaintiff's EOR-088

1              <u>Court Service List</u>

2    Jeffrey J. Goodrich, Esq.
     Law Offices of Goodrich and Associates
3    336 Bon Air Center, Suite 335
     Greenbrae, CA 94904

4

     Jerry R. Hauser, Esq.
5    Phillips, Greenberg and Hauser
     4 Embarcadero Center, 39th Floor
6    San Francisco, CA 94111

7    Stephen D. Pahl, Esq.
     Cheri L. MacArthur, Esq.
8    160 West Santa Clara Street
     14th Floor
9    San Jose, CA 95113-1700

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's EOR-089