Jeffrey J. Goodrich (SBN 107577)
GOODRICH & ASSOCIATES
336 Bon Air Center, Suite 335
Greenbrae, CA 94904
(415) 925-8630  VOICE
(415) 925-9242  FAX

Attorneys for Appellee, Thomas Lloyd

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| THOMAS LLOYD, | Case No. Case No. 3:07-CV-2417 MHP |
| Debtor | |
| JEFFREY E. HOFFMAN, | Appeal from U.S. Bankruptcy Court<br>Adv. No. 05-03328 |
| Plaintiff, | |
| v. | APPELLEE'S BRIEF |
| THOMAS R. LLOYD, an individual, EDWARD L. BLUM, an individual, and DOES 1 through 20, inclusive, | |
| Defendants | DATE:<br>TIME:<br>COURT: 15, 18th Floor |
| AND RELATED CROSS-ACTION, | |
| Cross-Defendants | |

APPELLEE'S BRIEF

i

# TABLE OF CONTENTS

I.   STATEMENT OF THE CASE                                                      1

II.  STATEMENT OF APPELLATE JURISDICTION                                        2

III. STATEMENT OF ISSUES PRESENTED                                              2

IV   STATEMENT OF FACTS                                                         3

V.   ARGUMENT                                                                   4

    A.   Lloyd's Evidence Supported Summary Judgment                          4

    B.   Hoffman's Evidence Raised No Genuine Issue of Material Fact          4

    C.   Hoffman Did Not Substantially Comply With HESCA                      7

# I.

# **STATEMENT OF THE CASE**

This case is related to an earlier appeal, Case No. 06-02416. The two appeals have been consolidated. As Lloyd described extensively the nature of the case in his Appellee's Brief filed in the earlier appeal, that description is not repeated here.

The first case involved the issue of whether Lloyd could recover title to his home from Hoffman under the Home Equity Sales Contract Act [California Civil Code §1695 *et seq.*] ("HESCA") even though Lloyd signed an earlier general release of all claims against Hoffman. After an evidentiary hearing before the Honorable Thomas E. Carlson, the Bankruptcy Court determined that Lloyd's general release of Hoffman did <u>not</u> preclude him from enforcing against Hoffman several specific HESCA provisions Hoffman violated. Hoffman appealed that ruling and the parties fully briefed that appeal in July 2006. See, Docket Nos. 22, 24 and 26 in Case No. 06-02416 MHP, incorporated herein by reference.

The instant appeal is from Judge Carlson's decision granting Lloyd's motion for summary judgment and reinstating Lloyd's title to the property. The basis for the Bankruptcy Court's decision is set forth in the Court's Opinion, which succinctly states:

> "Because the [Hoffman-Lloyd] sale contract failed to provide notice of the right to cancel 'in immediate proximity to the space reserved for the equity seller's signature,' the contract did not substantially comply with the requirements of section 1695.5 and, as a consequence the time to cancel the sale never expired."

Opinion, at 2:5-10. Based upon this decision, the Court entered judgment quieting title to the home in Lloyd's name and dismissing Hoffman's claims of title. The Court did not adjudicate any causes of action asserting non-title issues, such as Hoffman's or Lloyd's claims alleging breach of the Settlement Agreement, or Lloyd's claims against Hoffman for fraud or an accounting. Those claims remain to be tried at a later time.

APPELLEE'S BRIEF

1

## II.

## STATEMENT OF APPELLATE JURISDICTION

Lloyd agrees with Hoffman that this Court has jurisdiction of this case under 28 U.S.C. §158(a)(1).

## III.

## STATEMENT OF THE ISSUES PRESENTED

Hoffman suggests in his Opening Brief that the issues in this appeal include the enforceability of the Settlement Agreement. Hoffman is wrong. He expressly raised the release and Civil Code §1542 waiver issues in his earlier appeal, Case No. 06-02416. He fully briefed those issues, Lloyd responded with a 25-page Appellee's Brief, and Hoffman closed the briefing schedule with a reply brief. Indeed, Appellant's Opening Brief, Appellee's Brief. and Hoffman's Reply Brief were all filed over a year ago. (See, Docket Nos. 22, 24 and 26 in Case No. 06-02416). In short, Hoffman had no basis whatsoever to submit an additional brief on his issue.

Hoffman's error in submitting yet another brief on the enforceability of the Settlement Agreement's general release is <u>not</u> a procedural nitpick. The briefing in Hoffman's first appeal has been complete for over a year and the issues raised in that appeal were submitted long ago. Hoffman has neither requested nor obtained any permission from this Court to reopen the briefing in that appeal. Nor has he obtained leave to file any supplemental brief. This is particularly galling given that Hoffman has employed new counsel. By submitting yet another brief with new counsel on the same issue, Hoffman is effectively double teaming this appeal without Court permission. Accordingly, the Court should simply strike that portion of Hoffman's "Appellant's Opening Brief" (pages 6:1 through 13:11) that addresses the issues already briefed in Case No. 06-02416.

APPELLEE'S BRIEF

2

In sum, the only issue properly before the Court in this Appeal is the second one identified by Hoffman, to wit: whether the record below supports the Bankruptcy Court's findings that the Purchase Contract did not substantially comply with HESCA.

## IV.

## **STATEMENT OF FACTS**

Lloyd will not repeat the factual summary accurately set forth in Judge Carlson's Opinion. However, the following facts specific to the issue on appeal bear close examination:

1.  Hoffman produced the Notice of Cancellation in response to Lloyd's Request for Production of Documents. EOR, p. 487:23 – p.488:6. The Notice of Cancellation produced by Hoffman was not attached to any other document. EOR, p. 488:6

2.  Hoffman cannot identify any evidence admitted at trial or submitted in opposition to Lloyd's motion for summary judgment even suggesting that the Notice of Cancellation was ever attached to the Purchase Contract.

3.  The Purchase Contract authenticated by Hoffman did not have the Notice of Cancellation attached. EOR, pp. 418-425.

4.  Hoffman declared under oath that "a true and correct copy of the Purchase Contract" by which he obtained title to Lloyd's home was an eight page document that did not contain the Notice of Cancellation nor any provisions even remotely similar to the provisions required by HESCA. EOR, p. 416:9-14.

5.  Even the Asher Robertson declaration, submitted by Hoffman months after the Bankruptcy Court granted Lloyd's motion for summary judgment, fails to state that the Notice of Cancellation was ever attached to the Purchase Contract. EOR, p. 349:4-9.

APPELLEE'S BRIEF

3

# VI.

# ARGUMENT

### A.     Lloyd's Evidence Supported Summary Judgment.

To establish a right to rescind the purchase contract, Lloyd only needed to submit a copy of the contract and ask the Court to read it. He did this, identifying the Purchase Contract, Option and Lease as the three documents he signed on May 28, 2003. Declaration of Thomas Lloyd in Support of Motion for Summary Judgment [EOR, 61-82.] This Court can read the documents and come to the same conclusion as Judge Carlson: the documents do not contain any of the notices required by Civil Code §§1695.3(h) or 1695.5(a).

In his opinion, Judge Carlson described these notices as the "Next-to-Signature Notice" required by Civil Code §1695.5(a) and the "Separate Page Notice" which, under §1695.5(b), must be attached to the purchase contract. Opinion, p. 12:9 – 12:23. Since neither notice appears in any of the written agreements, the Court was required to grant Lloyd's motion unless Hoffman could identify some other contract, signed by Lloyd, which included the required notices.

### B.     Hoffman's Evidence Raised No Genuine Issue of Material Fact.

In opposing Lloyd's motion for summary judgment, Hoffman was not able to identify any other contract containing the required notices. Indeed, he declared under oath that the Purchase Contract Lloyd authenticated was, in fact, a "true and correct copy of the Purchase Contract" that he signed and that he attached as Exhibit "A" to his declaration. EOR 416:13-14. This Purchase Contract, just like the copy attached to Lloyd's declaration, includes none of the statutorily required notices.

Instead, Hoffman submitted a one page document entitled "Notice of Cancellation" that allegedly bore Lloyd's signature. EOR 429. He submitted no evidence that this document was ever

APPELLEE'S BRIEF

4

attached to the Purchase Contract at any time, much less at the time Lloyd signed the Purchase Contract. To the contrary, his declaration, by attaching the Notice as a document separate from the "true and correct copy" of the Purchase Contract, admitted that the two were not attached to each other. Compare, EOR 416:9-14 with EOR 416:18-19.

More importantly, this was not an oversight by Hoffman, but an express admission. He stated under oath that the Purchase <u>Contract</u> between the parties "included an Option Agreement" (EOR 416:15). Similarly, he states under oath that the Purchase <u>Contract</u> "included a Residential Lease After Sale" (EOR 416:23). But when describing the Notice, he conspicuously fails to state that it was "included" in the Purchase <u>Contract</u>. Rather, he very carefully states:

> The <u>Purchase</u> included a Notice of Cancellation. A true and correct copy of the Notice of Cancellation is attached hereto an incorporated herein as Exhibit C. The Notice of Cancellation was a part of the records submitted to purchasers with whom I do business deals, and thereafter maintain regularly as business records in the course of my real estate transactions.

EOR 416: 18-22 (emphasis added). Rather than state, as he did with the Option and the Lease, that the Notice was "included" with the Purchase <u>Contract</u>, Hoffman states that it was included with the <u>Purchase</u>. This statement is an admission that the Notice was not included as part of the Purchase Contract, as required by HESCA. Although one could reasonably infer that the Notice was perhaps slipped into the file at some point in the general transaction, no reasonable inference can be drawn from Hoffman's testimony that the Notice was ever made a part of the Purchase <u>Contract</u>.

Hoffman's admission that the Notice was neither **in** the Contract nor attached **to** the Contract obviously raised no genuine issue of material fact concerning his failure to comply with HESCA. A free-floating document, whether or not signed by the equity seller as part of an equity "purchase", does not even come close to satisfying statutory provisions that require such notices to be part of the

APPELLEE'S BRIEF

5

actual purchase contract.  This is the essence of Judge Carlson's ruling and it is not at all disputed by Hoffman's argument on appeal.

Hoffman's new counsel attempts to obfuscate the issue by falsely characterizing Hoffman's sworn testimony to this Court on appeal.  In his Opening Brief, he falsely claims:

> Additionally, Hoffman's sworn testimony that the Purchase **Agreement** included a notice of cancellation, and that the Notice of Cancellation is part of the packet of documents he normally submits was . . . certainly enough to overcome the vague testimony of Lloyd.

Appellant's Opening Brief, p. 15:18-21 (emphasis added).  Obviously, Hoffman testified to no such thing.  Nowhere in the record is there any sworn statement from Hoffman that the Notice was either in any "Agreement" he signed with Lloyd or attached to any "Agreement" he signed with Lloyd.  Indeed, just the opposite is true.  The agreement he admits he signed with Lloyd has no such notice in it at all, whether one looks in the body of the agreement or at any attachments thereto.  See, EOR, p. 416:13-14, and p. 418-425.

Lloyd believes that such a blatant misrepresentation of the evidence below is sanctionable where, as here, Hoffman's counsel even doctored his copy of the relevant exhibit to support his fraudulent argument.  See, EOR p. 416:17-18.  The actual evidence below was a statement from Hoffman under oath that the Notice of Cancellation was included in "[t]he Purchase".  This statement, by itself, obviously is insufficient to support a finding that the Notice was part of the Purchase Contract, as required by HESCA.  Mysteriously, the Exhibit Hoffman's counsel includes in his Excerpts of Record on Appeal, Volume IV, inexplicably has the word "Contract" inserted after the word "Purchase".  This version of Hoffman's declaration was most certainly doctored and not part of the record below, as is evident from a PACER review of Docket No. 75 in Bankruptcy Adversary Proceeding No. 05-03328.  The Court should insist that Hoffman's counsel explain the discrepancy.

APPELLEE'S BRIEF

6

### C.     Hoffman Did Not Substantially Comply With HESCA.

Because the Bankruptcy Court assumed, arguendo, that the Notice of Cancellation was signed by Lloyd on the day Lloyd signed the Purchase Contract, Option and Lease (Opinion, p.14:3-4 and p.18:28) the remaining arguments in Hoffman's Opening Brief are completely irrelevant.  For example, Hoffman's first argument is that "an issue of fact existed as to whether Lloyd executed a notice of right to cancellation".  AOB, p. 13:22.  That is certainly a true observation.  But because the Bankruptcy Court assumed, for purposes of granting Lloyd's motion, that Hoffman's version of the facts was correct, the observation is entirely irrelevant.    Similarly, Hoffman argues that "the Bankruptcy Court's finding that Hoffman failed to authenticate Lloyd's signature was wrong as a matter of law".  What finding is Hoffman referring to?  As just explained, the Bankruptcy Court expressly assumed the document was authentic.  Opinion, p. 14: 3-4.  The "finding" of which Hoffman complains simply does not exist.

Hoffman's complaint about the Bankruptcy Court acting "sua sponte" is likewise unintelligible.  Apparently Hoffman is suggesting that Lloyd should have addressed the Notice of Cancellation in his initial moving papers for summary judgment. The suggestion is ludicrous.  As the Bankruptcy Court correctly noted, months earlier Lloyd had objected to the introduction of the Notice at the Phase I evidentiary hearing  --- and Hoffman withdrew the Exhibit before trial.[1] Opinion, p. 6:3 – 11. So why would Lloyd even think it was still an issue?  More importantly, it was Hoffman who raised the issue as a defense by claiming that the Notice evidenced compliance with

---

[1] Hoffman further complains that "no such withdrawal is found in the transcript of the April 28 hearing" (AOB, p. 17:21) as if that is where it would be.  Hoffman submitted the Notice to Lloyd's counsel as a proposed exhibit in the Phase I trial in February 2005, not in the summary judgment hearing over a year later in April 2006.  Also, there obviously would be no record of Hoffman's withdrawal of the proposed exhibit because he withdrew the exhibit from consideration prior to the commencement of trial.

APPELLEE'S BRIEF

7

HESCA. Once Hoffman raised the Notice issue as a defense, the Court was certainly not acting "sua sponte" when it ruled that the Notice was insufficient compliance as a matter of law.

In contrast, Hoffman provides no argument or authority at all in response to the Bankruptcy Court's key finding that the Notice, even if authentic, did not substantially comply with HESCA. This is the heart of Judge Carlson's decision, as set forth in his Opinion at p. 15:1 – 19:14. Lloyd obviously agrees with the Bankruptcy Court's analysis. If Hoffman believed that analysis was wrong, he had an obligation to raise and argue the issue in his Opening Brief. Accordingly, the Court should not allow Hoffman to game the briefing schedule yet again by raising the issue for the first time in his "reply" brief and depriving Lloyd of any actual opportunity to respond.

DATED: August 13, 2007                    Goodrich & Associates

                                                                                                                                          ___/s/ Jeffrey J. Goodrich_____
                                                                                                                                           Jeffrey Goodrich